56 CCPA

**Application of Llewellyn W. FANCHER and David James Broadbent.**

**Patent Appeal No. 8152.**

United States Court of Customs and Patent Appeals.

May 15, 1969.

Wayne C. Jaeschke, attorney of record, for appellants.

1. Serial No. 366,617, filed May 11, 1964, for "Use."

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Leroy B. Randall, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, CLARK, Justice (Ret.), NEESE, Judge, sitting by designation, and ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This appeal is from the Patent Office Board of Appeals decision affirming the examiner's rejection of claims 1–6, all of the claims in appellants' application [1] "as being unpatentable over the French Patent [2] in view of Kittleson [3] and Schrader et al., [4] 35 U.S.C. § 103."

## THE INVENTION

This invention relates to compounds having valuable insecticidal and miticidal properties. The specification sets forth how the compounds may be made and gives examples showing the results achieved in killing various pest organisms.

Claim 1 recites the generic compound formula, while claims 2–6 define particular species within that genus. Claim 1 reads:

1. A compound of the formula

$$S-C\overset{\displaystyle O}{\underset{\displaystyle \underset{CH_2-C}{|}}{}}NCH_2-S-P\overset{\displaystyle X}{\underset{\displaystyle OR^1}{\overset{\displaystyle \|}{}}}OR$$

wherein R and R[1] are lower alkyl, X is a member selected from the group consisting of oxygen and sulfur.

The heterocyclic moiety can be referred to as "thiazolidinedione" or as "2, 4-dioxothiazolidine," which terms are equivalent.

2. French Patent No. 1,093,728, issued Nov. 24, 1954.

3. U. S. Patent No. 2,553,770, issued May 22, 1951.

4. U. S. Patent No. 2,914,530, issued Nov. 24, 1959.

**814**

## THE REFERENCES

The French Patent (Bayer) discloses insecticidal compounds of the following general formula

B

$$R\begin{array}{c}X\\ \diagdown\\ X\end{array}N-CH_2-S-\overset{\overset{\displaystyle O(S)}{\|}}{P}(O-alkyl)_2,$$

where X is CO or $SO_2$ and R is an organic radical. Bayer discloses that the organic radical R may belong to aliphatic, aromatic or heterocyclic series, and example 13 discloses a compound of the following formula:

C

$$(C_6H_5)_2C\begin{array}{c}HN-CO\\ |\\ \dot{C}O\end{array}N-CH_2-S-\overset{\overset{\displaystyle O}{\diagup}}{P}(OC_2H_5)_2$$

Although Bayer discloses other identities for the radical R in the heterocyclic moiety, he does not teach any which include the -C-S- linkage present in the heterocyclic moiety of appellants' claimed compound.

Kittleson discloses insecticidal compounds which may, for example, be of the following general formula:

D

$$R\begin{array}{c}\overset{\displaystyle O}{\|}\\ C\\ \diagup\diagdown\\ C\\ \|\\ O\end{array}NSCCl_3$$

Kittleson makes clear that it is the $NSCCl_3$ group which is of primary significance in his insecticide, but discloses various different identities for the R group. One of the exemplary compounds of Kittleson (column 9, tenth compound down from the top of the page) contains the same heterocyclic moiety as appellants' claimed compound, and is

identified as N-thiotrichloromethyl 2, 4-dioxothiazolidine, which has the formula:

E

$$\begin{array}{c}\overset{\displaystyle O}{\|}\\ S-C\\ \diagup\quad\diagdown\\ H_2C-C\\ \|\\ O\end{array}N-S-CCl_3$$

Kittleson also discloses other R groups which would provide, variously, -C-C-, -C-N-, and -C-O- linkages.

Schrader discloses insecticidal compounds of the general formula

F

$$R\overset{\frown}{\underset{}{N}}-CH_2-O-\overset{\overset{\displaystyle S}{\|}}{P}\begin{array}{c}OR_1\\ \diagdown\\ OR_2\end{array}$$

in which R stands for a group of atoms which are necessary to complete a nitrogen containing heterocyclic ring system, and $R_1$ and $R_2$ stand for alkyl radicals.

## THE REJECTION

The examiner rejected the claims under 35 U.S.C. § 103 as unpatentable over the French Patent (Bayer) in view of Kittleson and Schrader, reasoning that:

The claimed compounds differ from those of the French Patent in having dioxothiazolidine as the imide, whereas the French Patent does not specifically describe this imide. However, the Kittleson patent teaches the equivalence of the dioxothiazolidine with the imides of the French Patent as the carrier imide on the similar series of insecticides. Thus the selection of the dioxothiazolidine moiety for the imide "carrier" on compounds of the series taught by the French Patent and Schrader et al. is clearly suggested by Kittleson. * * *

In affirming the examiner, the board stated:

Kittleson et al., in describing other insecticidal imides, disclose that in this

art "aliphatic" linkages corresponding to the "R" linkage in the imides of Bayer are accepted as including carbon-carbon, carbon-oxygen, carbon-nitrogen and carbon-sulfur groups which with the imido linkage form final products which are succinimides, oxazolidine diones, hydantoins and dioxothiazolidines. * * * In view of this knowledge in the art that aliphatic "R" groups in imides, such as those taught in Bayer, also encompass as alternatives for the -C-C- and -C-N- groups specified in Bayer, the -C-S- linkage herein claimed, we agree with the Examiner that Kittleson et al. render obvious to the organic chemist selection of the -C-S- member of the same "aliphatic" class as a substitute for the specific -C-C-, and -C-N- members exemplified in Bayer.

## OPINION

Here it is appellants' main contention that the board erred in construing Kittleson as teaching that a -C-S- linkage in the heterocyclic moiety was the equivalent of a -C-C- or -C-O- linkage, from which it then concluded that it would be obvious to substitute a -C-S- linkage in the heterocyclic moiety of Bayer to arrive at appellants' claimed compound. Indeed, appellants argue, one skilled in the art, reading Kittleson, would come to a quite contrary conclusion regarding the equivalence of the -C-S- linkage to the other linkages than that asserted by the board. In advancing this argument, appellants turn to the tabulated results of Example IX of Kittleson and draw particular attention to the results for N-thiotrichloromethyl succinimide and N-thiotrichloromethyl 2, 4-dioxothiazolidine. Appellants' reason for comparing these two particular compounds is stated to be:

These compounds differ from each other only in the linkages of the heterocyclic moiety. The succinimide comprises a -C-C- linkage whereas the dioxothiazolidine comprises a -C-S- linkage. This comparison appears to appellants to be the only side-by-side

comparison of the -C-S- linkage with other linkages such as the -C-C-, -C-O-, -C-N- which the Patent Office has asserted to be equivalent. The other compounds of "Kittleson" differ in structure from N-thiotrichloromethyl 2, 4-dioxothiazolidine in additional ways.

From comparison of these tabulated results, appellants conclude:

The succinimide compound exhibits a high level of insecticidal activity against the four test species reported by "Kittleson", whereas for the comparable dioxothiazolidine compound "Kittleson" reports no insecticidal activity at all against any of the same test species. It is submitted that the above-mentioned comparison would have led one skilled in the art of biologically active chemicals to conclude that the -C-S- linkage is not the equivalent of the various other possible linkages disclosed in "Bayer" and "Kittleson". Moreover, since "Kittleson's" usually active functional group $>NSCCl_3$ is not shown to be insecticidally active in the only example of a compound containing a -C-S- linkage in the heterocyclic moiety, appellants submit that the combination made by the Patent Office of the heterocyclic moiety containing a -C-S- linkage with the insecticidal thiophosphate moiety of "Bayer" is not obvious.

The lack of insecticidal activity for the N-thiotrichloromethyl 2, 4-dioxothiazolidine disclosed above by Kittleson is further argued by appellants to be supported by certain test results disclosed in an affidavit of one Dorman, an employee of the assignee of the instant application.

The solicitor, in rebuttal of these arguments, points out that the Dorman affidavit, even if conceded to accurately reflect the results of the tests conducted by Dorman, cannot affect the fact that one skilled in the insecticide art, upon reading the Kittleson et al. disclosure, would learn that an imide compound having a 2, 4-dioxothiazolidine structure

was listed as a member of a group possessing insecticidal activity. Moreover the solicitor points out:

> Dorman has merely shown that at the particular conditions used by him, the dioxothiazolidine compound of Kittleson et al. was not effective as an insecticide. This does not affect the disclosure of Kittleson et al., since one *reading* it *would still* expect the insecticidal activity. * * *

Having thus disposed the Dorman affidavit from further consideration, the solicitor turns to the other contention of appellants, that Kittleson on its face shows that the -C-S- linkage is not the equivalent of the other linkages disclosed. It is the solicitor's position that the lack of insecticidal values for the dioxothiazolidine compound in the Example IX table of Kittleson does not indicate zero insecticidal activity but merely reflects that tests against insects for that compound may not have been conducted. Thus the solicitor states:

> The fact that there is no numerical value given in the table listing this compound * * * [the dioxothiazolidine compound] is stated by the appellant to show that Kittleson et al. "fails to exhibit insecticidal activity" * * and that the substitution of the C-S linkage in the Bayer patent is therefore not warranted by the Kittleson et al. disclosure. No such assumption is

believed to be proper, since Kittleson et al. states his compounds are insecticides * * * and where there was an actual test of the involved compound, as for example, the N-thiotrichloromethyl - 5 - phenyl - 5 - methyl-oxazolidine-2, 4-dione in the table bridging columns 9 and 10 * * which showed no actual insecticidal activity, there is a zero placed in that column. There is no numeral in the appropriate columns for the 2, 4-dioxothiazolidine compound. * * *

In reviewing the positions taken by the parties, it seems to us that the solicitor's arguments effectively counter the attack made by appellants as to the teachings to be derived from Kittleson concerning the insecticidal activity of Kittleson's imide compound having the 2, 4-dioxothiazolidine nucleus. Thus, the Patent Office position that it would be obvious to substitute a 2, 4-dioxothiazolidine nucleus, taught by Kittleson as constituting the heterocyclic moiety of an insecticidal imide, for the heterocyclic moiety of the Bayer compound to arrive at appellants' claimed compound seems to us to be sound. The decision is therefore affirmed.

Affirmed.

NEESE, J., took no part in the decision of this case.