**Application of William L. ALBRECHT and Robert W. Fleming.**

**Patent Appeal No. 75–507.**

United States Court of Customs and Patent Appeals.

May 1, 1975.

George W. Rauchfuss, Jr., New York City, Eugene O. Retter, Cincinnati, Ohio, attorneys of record, for appellant; Sidney W. Russel, Arlington, Va., of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Patent and Trademark Office Board of Appeals affirming the examiner's rejection of claims 1–5 of appellants' application [1] entitled "Bis-Basic Esters and Amides of Dibenzothiophene." We affirm in part and reverse in part.

*The Invention*

Appellants claim a novel class of certain bis-basic esters and amides [2] of dibenzothiophene, disclosed as possessing utility as antiviral agents. The claims on appeal are as follows:

---

[1]. Serial No. 851,098, filed August 18, 1969.

[2]. Claims directed to certain bis-basic amides of dibenzothiophene have been allowed.

1. A compound of the formula

$$R^1, R^2 \!-\! N-A-Y-\overset{O}{\overset{\|}{C}} - \text{(dibenzothiophene)} - \overset{O}{\overset{\|}{C}}-Y-A-N\!-\! R^1, R^2$$

wherein:

(A) each of $R^1$ and $R^2$ is hydrogen, (lower)alkyl, cycloalkyl of 3 to 6 ring carbon atoms, alkenyl of 3 to 6 carbon atoms having the vinyl unsaturation in other than the 1-position of the alkenyl group, or each set of $R^1$ and $R^2$ taken together with the nitrogen atom to which they are attached is pyrrolidino, piperidino, N-(lower)alkylpiperazino, or morpholino;

(B) each A is alkylene of 2 to about 8 carbon atoms and separates its adjacent Y and amino nitrogen by an alkylene chain of at least 2 carbon atoms;

(C) each Y is oxygen, or N–R wherein R is hydrogen or (lower)alkyl of 1 to 4 carbon atoms; or a pharmaceutically acceptable acid addition salt thereof.

2. A compound of claim 1 wherein: each A is alkylene of 2 to 6 carbon atoms; and each

of the $-N\!\!<\!\!^{R^1}_{R^2}$ groups is

a tertiary amino group selected from di(lower)– alkylamino, dialkenylamino, or each set of $R^1$ and $R^2$ together with the nitrogen to which they are attached is pyrrolidino, piperidino, N–(lower) alkylpiperazino or morpholino.

3. A compound of the formula

$$R^1, R^2 \!-\! N-A-O-\overset{O}{\overset{\|}{C}} - \text{(dibenzothiophene)} - \overset{O}{\overset{\|}{C}}-O-A-N\!-\! R^1, R^2$$

wherein the substituent groups

$$-\overset{O}{\overset{\|}{C}}-O-A-N\!\!<\!\!^{R^1}_{R^2} \quad \text{may be at}$$

the 2– and 6– or 8– positions and

(A) each of $R^1$ and $R^2$ is hydrogen, (lower)alkyl, cycloalkyl of 3 to 6 ring carbon atoms, alkenyl of 3 to 6 carbon atoms having the vinyl unsaturation in other than the 1-position of the alkenyl group, or each set of $R^1$ and $R^2$ taken together with the nitrogen atom to which they are attached is pyrrolidino, piperidino, N-(lower)alkylpiperazino, or morpholino;

(B) each A is alkylene of 2 to about 8 carbon atoms and separates its adjacent O and amino nitrogen by an alkylene chain of at least 2 carbon atoms; or a pharmaceutically

acceptable acid addition salt thereof.

4. A compound of claim 3 wherein each A is alkylene of 3 to 6 carbon atoms and each of the

 groups is a tertiary amino group selected from di-(lower) alkylamino, dialkenylamino, or each set of $R^1$ and $R^2$ together with the nitrogen to which they are attached is pyrrolidino, piperidino, N-(lower)alkylpiperazino or morpholino.

5. A compound of claim 4 wherein each of $R^1$ and $R^2$ is (lower)alkyl of 1 to 4 carbon atoms.

### The Rejections

The examiner rejected claims 1–5 under 35 U.S.C. § 103 as being obvious over Burtner et al.[3] This article discloses the results of a study of local anesthetics, particularly carbazole, dibenzofuran and dibenzothiophene derivatives. Burtner et al. disclose bis-(β-diethylaminoethyl)-dibenzofuran-2,8-dicarboxylate as a weak local anesthetic. The article also shows (β-diethylaminoethyl)dibenzofuran-2-carboxylate and (β-diethylaminoethyl)-dibenzothiophene-2-carboxylate as local anesthetics. Thus, the examiner concluded that the bis-(β-diethylaminoethyl)-dibenzothiophene-2,8-dicarboxylate claimed would be "adequately suggested to the skilled pharmacologist."

In affirming the examiner's rejection, the board stated:

Burtner et al. disclose the relationship known between derivatives of furan and thiophene, particularly pointing out the analogous series of esters of dibenzofuran and dibenzothiophene carboxylic acids. The amino alcohol esters of the monocarboxylic acid are specifically taught as local anesthetics. (See page 530). In page 529, column 2, last paragraph, the bis-amino alcohol ester of a dibenzofuran dicarboxylic acid is also taught and indicated to be only faintly active (apparently as a local anesthetic) at a concentration of 5%. While it is disclosed, as argued by appellants, that the dibenzothiophenes have much weaker anesthetic action than the corresponding dibenzofurans, this, in our opinion, does not mean that the thiophene corresponding to the furan in page 529 would be expected to be entirely useless. It would not deter the chemist from desiring to produce the corresponding thiophene which, while it might be of low activity at a concentration of 5%, could readily be active and useful at a higher concentration.

In view of the well-known relationship between sulfur and oxygen analogues, which is well demonstrated in the art herein of record, particularly Burtner et al. and the Anderson patent cited by appellants, it is our opinion that the teaching of the diester in page 529 of Burtner et al. would clearly render obvious the corresponding thiophene compound, thus anticipating appellants' claims. See also In re Fancher et al., 56 CCPA 1121, 410 F.2d 813, 161 USPQ 613.

Further, the examiner and board point to an article by Gilman et al.[4] Although it is unclear whether the teachings of Gilman et al. and Burtner et al. are combined as is ordinarily done when formulating a rejection under 35 U.S.C. § 103, the examiner notes that Gilman et al. disclose the existence of dibenzofuran-2,8-dicarboxylic acid. The board's only comment with regard to Gilman et al. was that its disclosure of a dicarboxylic acid and ester of a dibenzofuran would further suggest appellants' diester and the manner of producing it.

As a final summation of the "prior art," we note that the board further "relies" upon Anderson, U.S. Patent No. 3,083,201, first cited by appellants, to show that the starting material neces-

---

**3.** Burtner et al., J.A.C.S., Vol. 62 (March 1940), pages 527–532.

**4.** Gilman et al., J.A.C.S., Vol. 61 (June 1939), pages 1371–1373.

sary to obtain "the desired diester" is available to the art, and that corresponding derivatives of dibenzofuran and dibenzothiophene are equally useful as antiviral agents.

In response to the above-recited rejection, appellants submitted to the Patent and Trademark Office two Rule 132 affidavits. In substance, the affiant, Fleming, demonstrated that a number of claimed 2,8-dibenzothiophene derivatives, including a mixture of 74% of the 2,6-isomer and 26% of the 2,8-isomer of bis(2-diethylaminoethyl)dibenzothiophene dicarboxylate dihydrochloride, were superior antiviral agents to the closest corresponding compound of Burtner et al., namely, bis(2-diethylaminoethyl)dibenzofuran-2,8-dicarboxylate dihydrochloride. The board's response to these affidavits was that although they "appear to demonstrate a decided difference in antiviral activity between the 2,8-dibenzothiophene derivative claimed and the corresponding dibenzofuran of Burtner et al., * * * claims 3 to 5 also include the 2,6-isomers, the activities of which are not predictable from the data in the showing."

The board further affirmed the examiner's rejection of claims 1 and 2 under 35 U.S.C. § 112, presumably first paragraph, because the specification does not demonstrate how to prepare the ten possible isomers of the precursors of the compounds claimed. As the examiner noted, the specification only teaches the preparation of the 2,6- and 2,8-isomers while Courtot et al.,[5] cited by appellants, teach the preparation of dibenzothiophene-2,7-dicarboxylic acid. Thus, of the ten possible isomers of the precursors of the bis-esters of dibenzothiophene-dicarboxylic acid encompassed by claims 1 and 2, only three are supported.

In response to this rejection, appellants cite Anderson, U.S. Patent No. 3,083,201, asserting that all necessary starting materials are "to be found in" that patent. Appellants particularly note that Anderson's generic claim, which must be presumed valid, covers all of the isomeric compounds of dibenzothiophene. Therefore, one skilled in the art knowing of Anderson could practice the claimed invention. Appellants argue that any other conclusion would by necessity repudiate the validity of the generic claims of the Anderson patent.

### Opinion

We view the prior art rejection as being based only upon the obviousness of the appealed claims in view of Burtner et al. At best, Gilman et al. is only considered cumulative in its disclosure of dibenzofuran-2,8-dicarboxylic acid and Anderson merely demonstrates that the prior art has available to it, the necessary starting materials to produce some of the diesters of Burtner et al.

Although a prima facie case of structural obviousness has been established by the examiner, we are of the opinion that the affidavits, submitted under Rule 132, adequately rebut the examiner's rejection under 35 U.S.C. § 103. See In re Papesch, 315 F.2d 381, 50 CCPA 1084 (1963). The first affidavit compared five [6] dibenzothiophenes of the present invention with the closest corresponding compound of Burtner et al., namely bis(2-diethylaminoethyl)dibenzofuran-2,8-dicarboxylate dihydrochloride.[7] The examiner responded that the affidavit did not offer the closest comparison with Burtner et al., suggesting that evidence of unobviousness could be better shown by comparing Burtner et al. with

5. Courtot et al., Compt. rend. 186 (1928), pages 1624–1626.

6. Bis(3-diethylaminopropyl)dibenzothiophene-2,8-dicarboxylate dihydrochloride.
   Bis(3-piperidinopropyl)dibenzothiophene-2,8-dicarboxylate dihydrochloride monohydrate.
   Bis(3-diethylaminopropyl)dibenzothiophene-2,8-dicarboxylate dihydrochloride hemihydrate.
   Bis[3-(diisopropylamino)propyl]dibenzothiophene-2,8-dicarboxylate dihydrochloride.
   Bis-[5-(dimethylamino)-2,2-dimethylpentyl]-dibenzothiophene-2,8-dicarboxylate dihydrochloride

7. This compound is the only di-substituted ester studied by Burtner et al.

the "compound" of example 6. This is exactly what appellants submitted in a second affidavit only to have the board comment that "claims 3 to 5 also include the 2,6-isomers, the activities of which are not predictable from the data in the showing."

We find the board's criticism misplaced. Practice of example 6 produces a mixture of approximately 74% of the 2,6-isomer and 26% of the 2,8-isomer of bis(2-diethylaminoethyl)dibenzothiophene dicarboxylate dihydrochloride. Furthermore, in comparing the compounds of example 6 with Burtner et al., appellants were following the examiner's suggestion and were clearly comparing the closest corresponding compound of the prior art with those of the claimed invention. See In re Wynkoop, 390 F.2d 766, 55 CCPA 874 (1968).

The solicitor, in his brief and in oral argument, criticized appellants' failure to compare *anesthetic activity* of the claimed compounds with those of the prior art.[8] Since neither the examiner nor the board raised this criticism, it is considered a new issue. There seems to be little doubt that the Patent and Trademark Office would not have entertained such a comparison if initiated by appellants because they have no support in their specification for use of the claimed compounds as anesthetics. See In re Davies, 475 F.2d 667, (CCPA 1973).

■■ With regard to the rejection of claims 1 and 2 under 35 U.S.C. § 112, appellants do not disagree with the board's position that the specification does not demonstrate how to prepare all ten possible isomers of the precursors of the claimed compounds. However, appellants argue that their disclosure must be evaluated in light of the pre-existing knowledge available to those skilled in the art, namely, the disclosure of the Anderson patent.

We agree with appellants' basic proposition that they can rely upon Anderson to show what knowledge is available to the art. However, we fail to find all of the missing isomeric diacyl dibenzothiophenes which could be converted into the dibenzothiophene carboxylic acids necessary to prepare appellants' claimed compounds. We make no comment upon the scope of Anderson's claims. It is incumbent upon appellants to show where in the Anderson *disclosure* one of ordinary skill in the art would glean the necessary information required to satisfy the enablement requirement of the first paragraph of 35 U.S.C. § 112. The Anderson patent specification contains thirty examples and nine columns of text. Appellants have not pointed out precisely where enablement lies in that disclosure. It is incumbent upon appellants to rebut the assertion that their specification is not enabling. See In re Ghiroh, 442 F.2d 985, 58 CCPA 1207 (1971); In re Doyle, 482 F.2d 1385 (CCPA 1973), cert. denied, 416 U.S. 935, 94 S.Ct. 1933, 40 L.Ed.2d 286 (1974).

Accordingly, the rejection of claims 1 and 2 is affirmed and the rejection of claims 3–5 is reversed.

Modified.

---

**8.** For further discussion, see In re Albrecht, Cust. & Pat.App., 514 F.2d 1389, decided concurrently herewith.