58 CCPA

## Application of Peter Vincent SUSI.
### Patent Appeal No. 8392.

United States Court of Customs and Patent Appeals.
April 22, 1971.
Rehearing Denied June 10, 1971.

[A3927]

wherein

R and R′ are individually selected from the group consisting of hydrogen, hydroxy, alkoxy of 1–12 carbons, alkyl of 1–12 carbons, alkenyloxy of 2–12 carbons and alkanoyloxy of 2–12 carbons; and

R″ and R‴ are individually selected from the group consisting of alkyl of 1–12 carbons, monocyclic aryl and monocyclic ar (lower alkyl).

William Kaufman, Harry H. Kline, Roland A. Dexter, Stamford, Conn., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. E. Martin, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NEWMAN Judge, United States Customs Court, sitting by designation.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 2–13 in appellant's application serial No. 389,210, filed August 12, 1964, as a continuation-in-part of application serial No. 362,182, filed April 23, 1964, for polymers stabilized against the deteriorative effects of ultraviolet light and a method for making polymeric compositions so stablized. We affirm.

## THE INVENTION

Claims 2–5 are process claims, and claims 6–13 are composition of matter claims. Claim 6, the broadest of the composition claims, serves as a convenient introduction to the case and reads as follows (subparagraphing supplied):

6. The composition of

a polymer selected from the group consisting of polyvinylchloride, polyvinylidene chloride, polymethylacrylate polymethylmethacrylate, polystyrene, melamines, polyesters and polyolefins and

0.01 to 2 weight percent of a compound of the formula:

Claim 2 recites the process of stabilizing a polymer selected from the same group of polymers recited in claim 6 by "adding" thereto "a stabilizing amount" of one of the same benzylidene malonate acid di-esters recited in claim 6. Claims 3 through 5 depend from claim 2, and claims 7 through 10 depend from claim 6. Claims 3 and 7 specify that the polymer is polyvinylchloride, claims 4 and 8 specify that the polymer is polystyrene, claims 5 and 9 specify that the additive is diethyl $p$-methoxybenzylidenemalonate, and claim 10 specifies that the additive is dimethyl $p$-methoxybenzylidenemalonate. Claims 11 through 13 recite an additional additive. Claim 11 is for "The composition of Claim 6 containing about 0.1 to 1 part of hindered phenolic antioxidant for each part of * * * [the additive recited in claim 6]." Claim 12 depends from claim 11 and specifies that the di-ester additive is dimethyl $p$-methoxybenzylidenemalonate and the antioxidant is 2,4,6-tri-t-butylphenol. Claim 13, which is in independent form, is for polystyrene stabilized by the two additives of claim 12 in the amounts recited in claim 12. The arguments for patentability have been predicated solely on the additives, and not on the specific plastics to which they are added.

**444**

THE REFERENCES

The references are:

| Lauerer et al. | 1,087,902 | Aug. 25, 1960 |
| (West German Auslegeschrift) | | |
| Costello | 3,134,751 | May 26, 1964 |
| Knapp et al. | 3,244,668 | Apr. 5, 1966 |

Appellant initially attempted to swear behind Lauerer and Knapp. However, both the examiner and the board held his showing insufficient, and appellant has conceded that point on appeal.

## THE REJECTION

The examiner rejected claims 2 through 11 as unpatentable over Knapp et al. under the provisions of either 35 U.S.C. §§ 102 or 103, claim 2 through 10 as similarly unpatentable under either 35 U.S.C. §§ 102 or 103 over Lauerer, claims 11 through 13 under the provisions of 35 U.S.C. § 103 on either Knapp or Lauerer, each in view of Costello, and claims 2 through 5 as "drawn to the obvious method of making the composition under 35 U.S.C. § 103."[1] The board reversed the rejections under 35 U.S.C. § 102, stating that it "was unable to find the exact stabilizing compound of these claims in Knapp et al. or any one of the specific resins of these claims in Lauerer et al.," but it affirmed the other four rejections.

## OPINION

### *Prima Facie Obviousness*

Knapp discloses the stabilization of "plastics" against the oxidative and de-

teriorative effects of ultraviolet light by adding thereto "a small stabilizing quantity, up to about 5 percent, and preferably from 0.001 to about 3 percent" *each* of two compounds. The first of these additives is either a nitrophenol or a formylphenol, which is not relevant here. The second of these additives, however, is a compound which, in a "particularly preferred embodiment," may be represented by the formula:

[A3928]

wherein $R_3$ is an alkyl radical containing from 1–12 carbon atoms; $R_4$ is an alpha-branched alkyl radical containing from 3–12 carbon atoms; and X and Y are selected from the group consisting of a cyano radical, a nitro radical, $CON(R)_2$, COOR, and COR, R in turn being selected from the group consisting of hydrogen, alkyl radicals containing from 1–12 carbon atoms, and aralkyl radicals containing from 7–12 carbon atoms, with the provision that either X or Y, but not both, can also be simply H. Placing a simple representative of each side by side, it is obvious that the subject matter of appellant's claim 6 is very nearly within the generic teaching of Knapp.

**Appellant**

[A3929]

**Knapp**

[A3930]

---

1. This rejection has raised the interesting issue, which the parties have argued but which we do not reach because of our affirmance of the other rejections, of the continued validity of In re Larsen, 292 F. 2d 531, 49 CCPA 711 (1961), in view of In re Tarczy-Hornoch, 397 F.2d 856, 55 CCPA 1441 (1968).

Furthermore, the one difference which is present seems to be of little importance. Knapp shows a hydroxyl group attached to the benzene ring which is absent in appellant's formula, but, as the examiner noted without challenge by appellant, the "appellant has shown no unobvious results by excluding this moiety." Accordingly, as to claims 1–10 appellant is essentially in the position of one who argues that the selection of a relatively small subgenus from a genus disclosed in the prior art would have been unobvious at the time of his invention to one skilled in the art.[2]

■ Lauerer discloses plastic compositions containing ultraviolet light absorbers of the following general formula:

[A3931]

wherein Ar is a benzene ring substituted by one or more oxy or alkoxy groups and is admitted by appellant to be the same as the left-hand side of his composition, as depicted in claim 6, supra; $R'$ is selected from a group consisting of CN, COOH, COX, $(CH_2)$ n·COOH and $(CH_2)$ n·COOR; $R''$ is selected from a group consisting of H, R, CN, COX, and COOH, where X is alkyl, aryl, substituted alkyl, substituted aryl, OR, RNR, NHR, or $NH_2$, and R is H, alkyl, aryl, substituted alkyl, or substituted aryl cycloalkyl, $n$ being a whole number such as 1 or 2. As appellant points out, Lauerer's disclouser is huge, but it undeniably includes at least some of the compounds recited in appellant's generic claims and it is of a class of chemicals to be used for the same purpose as appellant's additives. Thus, whether considered in view of Knapp or Lauerer, appellant's claims 1–10 are prima facie obvious.

■ Costello teaches the protection of polystyrene from ultraviolet light-induced deterioration by the addition of a trialkyl phenol. In particular, he discloses, as the best of the specific examples given, 2,4,6-tri-t-butyl phenol, recited in appellant's claims 12 and 13. The solicitor has conceded that if we reverse the rejection of claims 2–10, "the reversal of * * * [claims 11–13] would follow as a matter of course." Appellant has not conceded that affirmance of the rejection of claims 11–13 would similarly follow upon affirmance of the rejection of claims 2–10, emphasizing that Costello is "completely devoid" of any suggestion of using his phenolic antioxidants in combination with appellant's benzylidene malonic acid di-esters, but we agree with the solicitor that the combination, for the same purpose, of one additive explicitly disclosed in the prior art and another suggested by the prior art would be at least prima facie obvious.

*Objective Evidence of Non-Obviousness*

The appellant did not submit the usual Rule 132 affidavits comparing representative samples of his claimed compounds with representative samples of the compounds disclosed in the references. Instead, he has relied on tables in the application as filed which ("fortuitously," according to his oral argument) compare samples of his claimed compounds with three specific compounds disclosed in Knapp and one disclosed in Lauerer. The Patent Office has not contended that the type of tests, results of which were compared, are not appropriate or that these tables do not show that the samples of appellant's additives are much better stabilizers than the species with which they were compared. The issues here are thus whether appellant's data

---

2. In the compounds recited in appellant's species claims (diethyl *p*-methoxybenzylidenemalonate in claims 5 and 9 and dimethyl *p*-methoxybenzylidenemalonate in claim 10) there would be a methoxy group at the para position in the benzene ring which is not within the Knapp disclosure. However, appellant has not argued that his species claims are not prima facie obvious if his generic claims are.

establish (1) the degree of effectiveness of the prior art additives *as a class* and (2) the degree of effectiveness of the additives recited in appellant's generic claim *as a class* and of the additives recited in appellant's species claims specifically.[3] Without this information, there is simply no way of telling whether appellant's relatively small class of additives is superior, as a class, to the much larger classes disclosed by Knapp and Lauerer.

Unfortunately for appellant, Knapp and Lauerer do not quantify their results.[4] Thus, to overcome a finding of prima facie obviousness by establishing that the claimed compositions are superior to what one of ordinary skill in the art would expect, it was up to appellant to bring forward reasonable evidence concerning the light-stabilizing properties of the prior art as well as concerning the light stability of the claimed compositions. This he did not do, and we find this failure fatal, not only to his generic claims (2 through 4 and 6 through 8), but to his species claims (5, 9, and 10) as well, for appellant has given us nothing (or at least not enough) with which to compare the effectiveness of diethyl and dimethyl $p$-methoxybenzylidenemalonate. As for claims 11 through 13, in which both a benzylidene malonic acid di-ester and an antioxidant are recited, for the reason set forth supra we find them prima facie obvious, and we see no evidence at all directed to establishing their individual nonobviousness. Thus, their rejection is likewise affirmed.

Affirmed.

---

3. Appellant also argues that Knapp teaches away from his invention because, while the formula set forth in the discussion of Knapp, supra, is referred to as a "particularly preferred embodiment," Knapp terms a particular subclass of the compounds represented by that formula, which subclass is not as close structurally to appellant's additives as are other species within the "particularly preferred" class, his "most particularly preferred embodiment[s]." We cannot accept the suggestion that one is significantly "taught away" from a "particularly preferred embodiment" by the suggestion (whether true or false) that something else may be even better.

4. According to Knapp, compounds of the formula set forth supra are "particularly preferred" because of their "excellent ultraviolet light absorbency capacity." According to Lauerer, compounds of the formula set forth supra are "especially well suited" to protecting light-absorbent compounds such as plastics from ultraviolet radiation.