59 CCPA

**Application of Karl J. DOEBEL et al.**

**Patent Appeal No. 8727.**

United States Court of Customs and Patent Appeals.

June 15, 1972.

Rehearing Denied Sept. 7, 1972.

Karl F. Jorda, Ardsley, N. Y., Bruce M. Collins, New York City, attorneys of record, for appellants.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jack E. Armore, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and CLARK, Justice (Ret.), United States Supreme Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, insofar as it affirmed the rejection of claim 2 in appellants' application entitled "N–Substituted Phenothiazines." [1] At oral argument, counsel for appellants withdrew the appeal as to claims 1 and 3. No claims have been allowed.

The invention relates to phenothiazine derivatives, which are useful as tranquilizers, having the formula

[A5916]

wherein X is H or Cl.

Claim 2 is limited to 10–[(3–N–formyl - methylamino) - propyl] - phenothiazine, i. e., the compound of the above formula when X is H. Claims 1 and 3, which are no longer on appeal, cover the compound of the above formula when X is Cl.

The references relied upon are:

Fujii, Pharmaceutical Society of Japan Journal, vol. 76, pages 641–44 (1956)

---

1. Serial No. 605,963 filed December 30, 1966.

824

Brune et al. (Brune), Biochemical Pharmacology, vol. 12, pages 679–85 (1963).

Fujii discloses the following reactions:

[A5917]

(X) is promazine or chlorpromazine, both well known tranquilizers, the synthesis of which was the stated objective of the work described in the Fujii paper. (XII) is an intermediate and is not mentioned as being a tranquilizer. (XIII) is desmonomethyl promazine or desmonomethyl chlorpromazine.

Brune discloses that desmonomethyl chlorpromazine has the same utility as promazine and chlorpromazine but of decreased potency.

The examiner rejected the claim under 35 U.S.C. § 103 as unpatentable over Fujii in view of Brune since the claimed compound is a homologue of (XII) of Fujii, which, being an intermediate to the known tranquilizers of both (X) and (XIII), would be expected to have some of the ultimate properties of the final products. In response, appellants submitted an affidavit under Rule 132 comparing the tranquilizing effects of the compound of claim 2 and compound (XII) of Fujii wherein X is H. The sufficiency of the Rule 132 affidavit, which was supplemented on request for reconsideration, has been one of the major points of dispute in this case.

As we view this case, however, the determinative issue is what rejections are

before us and not the sufficiency of the comparative evidence provided in the Rule 132 affidavit. That is, we agree with the Patent Office that the claimed compound, due to its close structural similarity, would have been prima facie obvious over the compounds of both (XII) and (X) of Fujii. While the Rule 132 affidavits attempt to rebut the case of prima facie obviousness with regard to compound (XII) wherein X is H, there is no comparison of the claimed compound with promazine,[2] which is also structurally similar to the claim 2 compound. Therefore, if the disclosure in Fujii of promazine was properly used to reject claim 2, the decision of the board must be affirmed.

After reviewing the record and arguments of counsel, we conclude that claim 2 was rejected over Fujii and Brune with regard to the compounds of both (X) and (XII); that appellants were given adequate notice of that fact; that the compound recited in claim 2 is in fact prima facie obvious in view of promazine which is disclosed in Fujii; and that appellants have submitted no objective evidence of any kind to rebut the prima facie case of obviousness.

2. The examiner and the board referred to both promazine and chlorpromazine, but that was when the claims under consideration covered the formula on page 1 wherein X is either H or Cl. It is assumed that the reference to chlorpromazine is unnecessary when, as here, the chloro embodiment is not in issue.

The examiner, in his Answer, stated: A structural comparison of the invention with promazine and chlorpromazine reveals that each has an alkene side chain of trimethylene; i. e. they are all the same.

While, as appellants allege, this statement by the examiner appears to be background discussion and not the actual rejection made, there is no doubt that the board made the above-quoted rationale a part of the rejection when it said:

We agree with the Examiner that the striking structural similarity of the compounds of claim 1 [including the compound of claim 2] to promazine and chlorpromazine suggests to workers of ordinary skill in pharmaceutical chemistry that the claimed compounds would have some tranquilizing properties.

On request for reconsideration, appellants "pointed out that the basis of the Examiner's rejection was neither *promazine nor chlorpromazine* [emphasis by appellants]." The board, however, disagreed, referring specifically to the part of the examiner's Answer quoted above. Appellants have done nothing more before us than to repeat their contention that the compounds of (X) of Fujii were not used as a basis for rejecting claim 2.

Even though the examiner may not have clearly expressed any reliance on promazine and chlorpromazine as a basis for rejecting the claim, the board certainly did. It did so in language that was clear and understandable, relying on the same statutory basis, using the same references as the examiner, and referring to prior art compounds which the examiner and appellants had been discussing at length. Therefore, we think appellants were given adequate notice of this rationale for the rejection. In re Jacobson, 407 F.2d 890, 56 CCPA 982 (1969); see In re Ludkte, 441 F.2d 660, 58 CCPA 1159 (1971); In re Hughes, 345 F.2d 184, 52 CCPA 1355 (1965).

While the board did not consider that it was actually making a new ground of rejection, even assuming that it did so, it is well established that the board may make a new ground of rejection and that it need not necessarily label the new rejection as such under Rule 196(b). At any rate, under the circumstances appellants must do more than argue with the board as to whether it was in fact a new ground of rejection, for, even if appellants are correct and the rejection is new, they are still faced with that rejection. Accordingly, appellants must in some manner meet the merits of the board's reasoning. If in fact a new ground of rejection was set forth, appellants may submit new arguments and evidence in accordance with Rule 196(b). They did not do that here, but rather did no more than complain that the board was using promazine and chlorpromazine as a basis of rejection, whereas the examiner did not. Although appellants had an adequate opportunity to respond to the board's rationale for affirming the examiner, they did not do so. The request for reconsideration and supplemental affidavit that were submitted did not deal with the merits of the board's rationale with regard to promazine and chlorpromazine.

Since the claimed compound would have been prima facie obvious to one of ordinary skill in the art over compound (X) of Fujii, and since appellants have failed to submit any objective evidence to rebut the case of prima facie obviousness, we *affirm* the decision of the board.

*Affirmed.*