**Application of William L. ALBRECHT and Robert W. Fleming.**

**Appeal No. 78–509.**

United States Court of Customs and Patent Appeals.

June 15, 1978.

---

George W. Rauchfuss, Jr., Patent Dept., Wilston, Conn., atty. of record, for appellants.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Gerald H. Bjorge, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office (PTO) Board of Appeals (board) affirming the rejection of claims 1 -8 and 10–20 in the application of William L. Albrecht and Robert W. Fleming, serial No. 300,765, filed October 25, 1972, for "Bis-Basic Ketones of Dibenzothiophene," under 35 U.S.C. § 103 as obvious from the combined teachings of Whaley et al. (Whaley) and Anderson. We affirm.

Appellants have discovered that certain allegedly novel dibasic ketone derivatives of dibenzothiophene have antiviral activity, and this property is alleged to have been unexpected. Claims 1 and 16 are illustrative and read:

1. A compound selected from a base of the formula

wherein each A is a straight or branched alkylene chain having from 1 to 6 carbon atoms; and each Y is a member selected from the group consisting of

(A) the group $-N\begin{smallmatrix}R^1\\R^2\end{smallmatrix}$ wherein $R^1$ and $R^2$ are individually hydrogen, lower alkyl having from 1 to 4 carbon atoms, cycloalkyl having from 3 to 6 carbon atoms, alkenyl of from 3 to 6 carbons [sic] atoms and having the vinyl unsaturation in other

than the 1-position of the alkenyl group; or

(B) the group $-N$ $(CH_2)_n$ $R^3$ wherein n is a whole integer of from 4 to 6 and $R^3$ is hydrogen, lower alkyl of from 1 to 4 carbon atoms, phenyl, or benzyl; or

(C) the group $-N$ $X$ wherein X is oxygen or $NR^4$, and $R^4$ is hydrogen or lower alkyl of from 1 to 4 carbons [sic] atoms; or

(D) the group $-N$ $\begin{array}{c}(CH_2)_q\!-\!CH \\ (CH_2)_r\!-\!CH\end{array}$ wherein q is a whole integer of 1 or 2, and r is a whole integer of 1 to 3 providing when r is equal to 3, q is 1;

or a pharmaceutically acceptable acid addition salt of said base.

16. A compound of claim 1 which is 2, 8-bis(piperidinoacetyl)dibenzothiophene or a pharmaceutically acceptable acid addition salt thereof.

where X represents O, S, SO, SO₂;

R represents hydrogen or $-\overset{\overset{\displaystyle O}{\|}}{C}-R_1$; and R₁ represents

—CHO

$-\overset{\underset{\displaystyle SO_3M}{|}}{CH}-OH$ where M is a nontoxic alkali metal, preferably sodium or potassium,

$-\overset{\underset{\displaystyle OR_3}{|}}{CH}-OH$ where R₃ is hydrogen or a hydrocarbon radical containing from 1 to 12 atoms inclusive,

$-Y-$ $\underset{\displaystyle OR_3}{}$ where Y is —CH—NH— or —CH=N— and R₃ is as defined above,

$-Y-$ $\overset{\displaystyle COOR_3}{\underset{\displaystyle R_4}{}}$ where Y is a defined above, R₃ is hydrogen or lower alkyl of from 1 to 4 carbon atoms and R₄ is hydrogen or hydroxy,

—CH=N— $\langle S \rangle$

—CH=N—NH—CO— $\langle N \rangle$

—CH=N—CO—CH₂—$\overset{\oplus}{N}\langle \rangle$ .Cl⊖ or

—CH$\left(\text{NH}-\langle \rangle_{\text{COOH}}\right)$,

The structural formula of the compound recited in claim 16 is:

$C_5H_{10}NCH_2\overset{\overset{\displaystyle O}{\|}}{C}-$ [dibenzothiophene] $-\overset{\overset{\displaystyle O}{\|}}{C}CH_2NC_5H_{10}$

Whaley discloses the dibenzofuran analog of the compound of claim 16 as an antitubercular (antibacterial) agent. Its structure is:

$C_5H_{10}NCH_2\overset{\overset{\displaystyle O}{\|}}{C}-$ [dibenzofuran] $-\overset{\overset{\displaystyle O}{\|}}{C}CH_2NC_5H_{10}$

As can be seen from a comparison of the above formulae, dibenzothiophene differs from dibenzofuran only in the substitution of a sulfur atom for the oxygen atom in the middle ring of the latter.

Anderson discloses, as antiviral agents, a wide variety of "glyoxal" derivatives of both dibenzofuran and dibenzothiophene. The compounds of Anderson relevant to our consideration are illustrated below:

The board was of the opinion that the compound of claim 16 would have been obvious in that the dibenzofuran analog was known in the art to possess biological activity, and the equivalence of dibenzothiophene and dibenzofuran derivatives in terms of biological activity was established, at least prima facie, by Anderson.

Appellants contend that the antibacterial agent of Whaley varies so much from the antiviral agents of Anderson in both structure and properties that a prima facie case of obviousness has not been made out with respect to the compound of claim 16.

## OPINION

The board correctly affirmed the rejection of claims 1–8 and 10–20 under 35 U.S.C. § 103 as obvious from the combined teachings of Whaley and Anderson. We restrict our analysis to claim 16 in view of appellants' failure to make any significant further distinctions among the rejected claims and the apparent willingness of the parties to restrict their arguments to the

patentability of 2,8-bis(piperidinoacetyl) dibenzothiophene. *In re Bayer,* 568 F.2d 1357, 196 USPQ 670 (Cust. & Pat.App.1978); *In re Hellsund,* 474 F.2d 1307, 59 CCPA 1382, 177 USPQ 170 (1973).

In our opinion, one of ordinary skill in the art would have viewed Anderson in the manner suggested by the solicitor; that is, as disclosing, as antiviral agents, a wide variety of disubstituted dibenzofurans and dibenzothiophenes, including several derivatives thereof arguably describable as "bisbasic ketones." The very existence in the prior art of the dibenzofuran analog of the claimed compound (Whaley) would have fairly suggested to those skilled in the art familiar with Anderson that both it and the claimed compound would have had antiviral activity, thereby motivating those so skilled to manufacture the claimed compound. See *In re Taborsky,* 502 F.2d 775, 183 USPQ 50 (Cust. & Pat.App.1974). We are not particularly concerned with the order in which the prior-art references were cited by the PTO. *In re Bush,* 296 F.2d 491, 49 CCPA 752, 131 USPQ 263 (1961).

Appellants properly contend that the discovery of a hitherto unknown and unexpected property possessed by the claimed compound would be evidence of its unobviousness. *In re Albrecht,* 514 F.2d 1389, 185 USPQ 585 (Cust. & Pat.App.1975). In view of the Anderson patent, however, it is not at all clear that antiviral activity in either the claimed compound or its prior-art analog, disclosed as an antitubercular agent, would have been unexpected. Anderson's disclosed groups of dibenzofurans and dibenzothiophenes, all possessing antiviral activity, are so diverse that the claimed compound cannot be said to be any further removed from the diacetyl compounds actually disclosed than are the compounds of any other disclosed group. From the teachings of Anderson on this point, antiviral activity would appear to be an attribute of acetyl-substituted dibenzofuran and dibenzothiophene nuclei, no evidence of a significant degree of unpredictability in this area having been adduced. *Compare In re Wilder,* 563 F.2d 457, 195 USPQ 426 (Cust. & Pat.App.1977) (no unpredictability found) *with In re May,* 574 F.2d 1082, 197 USPQ 601 (Cust. & Pat.App.1978) (unpredictability found).

We conclude that the PTO has established a prima facie case of obviousness under § 103 which appellants have failed to rebut by persuasive evidence.

The decision of the board is affirmed.

AFFIRMED.