Thomas H. STOUDT and Karl H. Nollstadt, Appellants,

v.

Bernhard GUGGENHEIM and Hans-Rudolf Muhlemann, Appellees.

Appeal No. 81–510.

United States Court of Customs and Patent Appeals.

June 18, 1981.

---

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER, and NIES, Judges.

MARKEY, Chief Judge.

The Patent and Trademark Office Board of Patent Interferences (board) awarded priority of the contested count to Bernhard Guggenheim and Hans-Rudolf Muhlemann (Guggenheim), the junior party, on the ground that Thomas H. Stoudt and Karl H. Nollstadt (Stoudt), the senior party, was estopped to contest the priority of the subject matter of the count. We reverse and remand.

## Background

### The Previous Interference

In an interference involving the same applications, priority was awarded to Guggenheim for the invention defined by these counts:

1. An enzyme capable of hydrolyzing a streptococci-derived dental plaque glucan having a majority of —(1 3) glucosidic bonds.

2. A dental treating composition comprising a dental treating carrier and an effective amount of an enzyme capable of hydrolyzing a streptococci-derived dental plaque glucan having a majority of —(1 3) glucosidic bonds.

Frank M. Mahon, and Carroll G. Harper, (Lawrence A. Stahl, with him on brief) of Fitzpatrick, Cella, Harper & Scinto, New York City, for appellants.

James S. Waldron and Morris Fidelman, Washington, D. C., for appellees.

During the motion period in that interference, Stoudt moved under Rule 231[1] to add a further count which corresponds exactly to the count now before us:[2]

A dental treating composition comprising a dental treating carrier, dextranase and

1. 37 CFR 1.231 reads, in relevant part:

§ 1.231 Motions before the primary examiner.

(a) Within the period set in the notice of interference for filing motions any party to an interference may file a motion seeking:

\* \* \* \* \* \*

(2) To amend the issue by addition or substitution of new counts. Each such motion must contain an explanation as to why a count proposed to be added is necessary or why a count proposed to be substituted is preferable to the original count, must demonstrate patentability of the count to all parties and must apply the proposed count to all involved applications except an application in which the proposed count originated.

\* \* \* \* \* \*

(b) Each motion must contain a full statement of the grounds therefor and reasoning in support thereof.

2. Stoudt's motion proposed the addition of three counts, only one of which is relevant to this appeal.

an effective amount of an enzyme capable of hydrolyzing a streptococci-derived dental plaque glucan having a majority of −(1 3) glucosidic bonds.

The proposed count thus differed from count 2 of the earlier interference only in the inclusion of dextranase in the carrier composition.

In his motion, Stoudt explained that the proposed count was necessary to draw into interference further subject matter common to the applications of both parties. In support of his assertion of patentability of the proposed count, Stoudt referred to this portion of section 1105.03 of the Manual of Patent Examining Procedure (MPEP):[3]

> A good test to apply is whether different proofs may be required to prove priority as, for example, in the case of a generic original count and a proposed count to a species, or vice versa. If the answer is affirmative, the motion to add the proposed count should be granted. . . .

Stoudt then noted that different priority proofs would be required, because the composition of the proposed count comprised three elements and the composition of count 2 comprised only two. Stoudt argued that the subject matter of the proposed count was thus materially different from that of count 2.

The interference examiner denied Stoudt's motion to add on the ground that the proposed count was not patentably distinct from count 2.

The examiner granted Guggenheim's motion to obtain the benefit under 35 U.S.C. § 119 of the filing date of a British provisional specification with respect to counts 1 and 2, and declared Guggenheim the senior party. Stoudt petitioned the Commissioner from the denial of his motion to add and also from the granting of Guggenheim's motion for benefit of the British provisional specification. That petition was denied.

Subsequently Stoudt filed an abandonment of contest and the interference was dissolved.

*The Present Interference*

Stoudt then amended his application to include the proposed count as a claim and submitted an affidavit under Rule 132[4] with accompanying experimental data purporting to show that the subject matter of the claim was patentably distinct from count 2 of the interference. That affidavit described the results of experiments which showed that the plaque-dispersing effect of the enzyme composition containing both dextranase and cariogenanase was far greater than would have been anticipated from the activity of the individual enzymes dextranase and cariogenanase.[5] The patent examiner agreed that the claim was patentably distinct and caused the present interference to be declared.

During the motion period of the present interference, Guggenheim moved to dissolve on grounds that: (1) the count is not patentable to Stoudt because it is not patentably distinct from the issue of the earlier interference between the parties, and (2) Stoudt is barred under the doctrine of res judicata.

Guggenheim's position that the count is not patentably distinct from the issue of the earlier interference is based, in part, on a contention that Stoudt's failure to present evidence of unobviousness in the combination of enzymes during the earlier interference estopped Stoudt from denying at least the prima facie obviousness of the count.

The interference examiner denied Guggenheim's motions, noting:

> As to 1) *supra*, Guggenheim takes the position that the present count is not patentably distinct from the issue in the prior interference, and since Stoudt failed to present evidence of synergism in the

---

3. § 1105 MPEP (Rev. 36, April 1973), subsequently amended.

4. 37 CFR 1.132.

5. The experimental results indicated that cariogenanase (250 U/ml.) disrupted 28.5% of the in verto plaque, while dextranase (250 U/ml.) disrupted 24.8%. A combination of the two enzymes (250 + 250 U/ml.) disrupted 91.5% of the plaque.

combination of enzymes in said prior interference then Stoudt is now estopped to deny at least the *prima facie* obviousness of the present count. The examiner knows of no estoppel in this situation. 37 C.F.R. 1.257(b) does not require any more of the junior party than to move in the previous interference. This Stoudt has done....

As to 2) *supra*, Guggenheim takes the position that since a count corresponding to the instant count was raised and decided in the prior interference not to be patentably distinct from the count then in issue, that Stoudt is barred from again asserting the patentability of the count in this interference. The examiner does not believe that the doctrine of *res judicata* should apply in this situation and that it is in the best interest to go forward with the interference.

That examiner also denied Guggenheim's motion for benefit under 35 U.S.C. § 119 because the British application contained no support for the proposed count and thus failed to meet the requirements of 35 U.S.C. § 112.

The board, however, awarded priority to Guggenheim. In its accompanying opinion, the board initially noted its jurisdiction under Rule 258(a)[6] to review questions of res judicata and estoppel as matters considered ancillary to priority.

The board reasoned that the doctrine of res judicata can apply only where the same cause of action was determined on its merits in the previous proceeding. Because the board could not say the examiner's finding of patentable distinctness was clear error, the board said it was constrained to hold that the "classical" theory of res judicata did not preclude Stoudt from pursuing priority with respect to the present count.

The board went on, however, citing *In re Pritchard*, 59 CCPA 1284, 463 F.2d 1359, 175 USPQ 17 (1972), to describe more general principles of estoppel, which it felt required the presentation of all available evidence with the motion during the earlier interference.

The board's "estoppel" view was based on Rule 231(b), and its perceived purpose to insure the resolution of priority in a single contest respecting all common subject matter disclosed by the parties. Citing a need to prevent presentation of nominal and inadequate motions, the board held Stoudt estopped from pursuing priority on the present count by his failure to *"properly"* move during the pendency of the earlier interference, that is, by his failure to introduce his affidavit evidence at that time.

Priority of invention of the subject matter of the count was then awarded to Guggenheim, the junior party.

*Issue*

The issue presented is whether a party who moved unsuccessfully to add a count in an interference, and subsequently obtained ex parte allowance of a corresponding claim on evidence not presented during that interference, is estopped from contesting priority on such count in a second interference.

OPINION

The parties agree that Rule 231 defines the duty of a party seeking to amend counts in an interference, and that Rule 231 does not explicitly require introduction of evidence in support of a motion to add. Though nothing precludes an offer of such evidence, a *requirement* that it be offered, carried to its logical extreme would shift the evidentiary period to an earlier stage. Discovery and oral argument being unavailable during the motion period, few evidentiary safeguards would exist at that time. We see no reason to judicially expand the scope of the motion period by requiring the submission of evidence with motions to add.

Guggenheim says the board has not "created" any new form of estoppel at all, but rather has applied one established form of res judicata, because Stoudt's motion under Rule 231 was insubstantial, legally incomplete, and insufficient to preserve the issue of the patentable distinctness of the present count. We do not agree.

**6.** 37 CFR 1.258(a).

This court has broadly applied principles of res judicata to final decisions of the Patent and Trademark Office, *Lavin v. Pierotti*, 29 CCPA 1235 (Patents), 129 F.2d 883, 54 USPQ 400 (1942), to interlocutory decisions of that Office, *Winkelmann v. Calvert*, 33 CCPA 1206, 154 F.2d 1012, 69 USPQ 406 (1946), and even where, as here, a prior interference has been terminated by dissolution, *See Avery v. Chase*, 26 CCPA 823, 101 F.2d 205, 40 USPQ 343 (1939).[7] No basis appears for such application to the facts of the present case.

■ Where the prior judgment between the same parties is not strictly res judicata because it resolves a different and distinct issue [e. g., a patentably distinct count], that judgment may nonetheless create an estoppel as to matters actually in issue or points controverted. *United States v. Silliman*, 167 F.2d 607 (CA 3 1948), *cert. denied*, 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379 (1948); 1B Moore's Federal Practice ¶ 0.405[1], at 622–624 (2d ed. 1974).

In the early case of *Blackford v. Wilder*, 28 App.D.C. 535, 1907 C.D. 491 (Appeals D.C. 1907), when the District of Columbia Court of Appeals was the reviewing tribunal for Patent Office decisions, the doctrine of estoppel was held to mean that a final judgment in an interference was conclusive of all matters which were there adjudicated and also of all matters which *might have been* adjudicated. In *Avery v. Chase*, supra, this court held that the doctrine of estoppel was not limited to principles of res judicata but gives weight to procedural consideration of the rules regarding interference practice.

More recently, in *In re Pritchard*, 59 CCPA 1284, 463 F.2d 1359, 175 USPQ 17 (1972), this court held that where a party failed to attack his opponent's right to make in a prior interference, he could not thereafter raise that question. In *Pritchard*, as in *Blackford* and in *Avery*, the doctrine of estoppel was invoked against a party who made no attempt to raise the issue. Guggenheim offers no authority whatsoever for the proposition that estoppel applies where a party has attempted to add a count and has been rebuffed. Indeed the authority is the other way.

In *In re Frilette*, 58 CCPA 799, 436 F.2d 496, 168 USPQ 368 (1971), after Frilette's motion to amend under Rule 231(a)(2) was denied, he sought to prosecute a claim identical to the count refused entry in the interference. That claim was rejected and the rejection was affirmed by the Board of Appeals, on the view that Frilette's failure to introduce Rule 131 affidavit evidence directed to subject matter embraced by the counts during the interference estopped him from presenting such evidence in a later proceeding. In reversing, this court held estoppel inapplicable because Frilette had tried to add a count corresponding to the claim but had been prevented from so doing by the examiner.

■ Similarly, we conclude that Stoudt's efforts to add the subject matter of the present count to the first interference were sufficient to preserve that issue for resolution in a subsequent proceeding.

Both parties have referenced this court's recent decision in *Hester v. Allgeier*,[8] 646

7. *See*, A. McCrady, *The Legal Basis of the Interference Estoppel Doctrine*, 26 JPOS 798 (1944).

8. In *Hester* this court held an issue of patentable distinctness between counts ancillary to priority and reviewable by the board. Prior to *Hester*, review of an adverse determination on the issue of patentable distinctness was in most cases reviewable only by petition to the Commissioner and, if necessary, by extraordinary review in a district court, or through subsequent ex parte presentation of the issue, as here. *See Frilette*, supra. After *Hester*, an appropriate procedure to preserve the issue of patentable distinctness would be to adduce evidence on that issue during the evidentiary period and to then argue the issue before the board which then renders its independent determination of the issue. The manner in which the issue initially is presented (i. e., by motion) is not determinative of the available review where the issue is ancillary to priority and therefore reviewable by the board. 37 CFR 1.258. The board may, however, exercise its option under Rule 259 to remand the issue to the examiner for a recommendation in light of the record then available.

F.2d 513, 209 USPQ 370 (CCPA 1981), as supportive of their respective positions. The decision in *Hester*, however, does not address the controlling issue of estoppel here presented, and, in any event, that decision would be inapplicable to interferences finally concluded before that decision was rendered. See *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995 (1947).

### Conclusion

■ We agree with the board's adoption of the examiner's ex parte determination that the present count is patentably distinct from count 2 of the previous interference. No identity of issues is therefore present in the two interferences and the doctrine of res judicata is inapplicable.

Stoudt moved to add the proposed count. The interference examiner's denial of that motion was not appealable to the board,[9] and Stoudt could do nothing further to bring the matter before the board in the earlier interference.[10] The estoppel doctrine enunciated in *Avery* therefore finds no application to the facts of this case.

■ We cannot say that Stoudt's motion was legally insufficient under Rule 231. Because Rule 231 does not require introduction of evidence in support of a motion to add a count, there was no violation of any duty or waiver of any right in the earlier interference which would estop Stoudt from pursuing the substance of the present count in a subsequent interference.

Accordingly, the determination of the board that Stoudt was estopped from pursuing priority with respect to the present count is *reversed* and the case is *remanded* to the board for a resolution of priority of invention of the subject matter of the count.

*REVERSED AND REMANDED.*

9. 37 CFR 1.244 provides, in relevant part:
§ 1.244 Petition to the Commissioner from decisions on motions.
There is no appeal from decisions rendered on motions, but the Commissioner may consider on petition any matter involving abuse of discretion or the exercise of his supervi-

sory authority, or such other matters as he may deem proper to consider.

10. In view of our holding in *Hester,* one in Stoudt's position is not precluded from raising the issue of patentable distinctness before the board.