873 F.2d 1452
 11 U.S.P.Q.2d 1652
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re William P. GERGEN and Robert G. Lutz.
 No. 89-1009.
 United States Court of Appeals, Federal Circuit.
 April 24, 1989.
 
 Before FRIEDMAN, Circuit Judge, NICHOLS, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 William P. Gergen and Robert G. Lutz (Gergen) appeal the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the examiner's rejection of claims 1-10 and 28-30 in Gergen's application for a patent, serial No. 766,217, entitled "Modified Block Copolymers," which application was filed August 16, 1985. We reverse.
 
 OPINION
 
 2
 Gergen's claimed invention involves functionalized, selectively hydrogenated block copolymers containing conjugated diene blocks and monovinyl arene blocks. The block copolymer is functionalized by grafting onto the copolymer's monovinyl arene blocks at least one electrophilic graftable molecule selected from the group consisting of carbon dioxide, carboxylic acids, their salts and esters. Claim 1, the broadest claim on appeal, reads:
 
 
 3
 1. A functionalized selectively hydrogenated block copolymer of the formula B n (AB)o Ap where n = 0 or 1, o = 1 to 50, p = 0 or 1, A is predominately a polymerized monoalkenyl aromatic hydrocarbon block and B prior to hydrogenation is predominately a polymerized conjugated diene hydrocarbon block to which has been grafted at least one electrophilic graftable molecule or electrophile wherein substantially all of said graftable molecules are grafted to the block copolymer and said electrophile is selected from the group consisting of carbon dioxide, carboxylic acids, their salts and esters in the vinylarene blocks.
 
 
 4
 Claims 1-10 and 28-30 were rejected under 35 U.S.C. Sec. 103 as unpatentable over United States patent No. 4,471,099 (Trepka) in view of United States patent No. 4,409,357 (Milkovich). The examiner and the board each concluded that it would have been obvious in view of the Milkovich reference to utilize any of the agents of Milkovich, e.g., carbon dioxide, in functionalizing the hydrogenated block copolymers of Trepka. We disagree.
 
 
 5
 The primary reference of Trepka discloses functionalized hydrogenated copolymers, useful as dispersant viscosity index improvers or as gasoline detergent additives, with the same basic structure as that of the Gergen copolymers. However, in contrast to the Gergen copolymers, the Trepka reference teaches, as its functionalizing molecule, a nitrogen-containing organic compound, such as p-dimethylaminobenzaldehyde.
 
 
 6
 The secondary reference of Milkovich describes copolymers, useful as shoe sole compounds, which copolymers are structurally different from both the Gergen copolymers and the Trepka copolymers. The Milkovich copolymers are highly branched block copolymers, sometimes referred to as star-block copolymers, which contain polar functional groups in the nucleus of the copolymers. Among the functional groups taught by Milkovich are, inter alia, carbon dioxide, various aldehydes, and dicarboxylic acid dihalides.
 
 
 7
 As we have previously stated, "[t]he mere fact that it is possible to find two isolated disclosures which might be combined in such a way to produce a new compound does not necessarily render such production obvious unless the art also contains something to suggest the desirability of the proposed combination." In re Grabiak, 769 F.2d 729, 732, 226 USPQ 870, 872 (Fed.Cir.1985) (quoting In re Bergel, 292 F.2d 955, 956-57, 130 USPQ 206, 208 (CCPA 1961) (emphasis in original)). "[T]here must be some logical reason apparent from positive, concrete evidence of record which justifies a combination of primary and secondary references." In re Regel, 526 F.2d 1399, 1403 n. 6, 188 USPQ 136, 139 n. 6 (CCPA 1975).
 
 
 8
 In this case, there is no prior art teaching that suggests the interchangeability of a nitrogen-containing compound for carbon dioxide or any other nonnitrogen-containing compound in the functionalization of the Trepka copolymer. Trepka, which limits its functionalizing molecule to a nitrogen-containing compound, does not suggest the use of carbon dioxide or carboxylic acid. Further, Milkovich does not provide any teaching or suggestion to use its functional groups, e.g., carbon dioxide, with any block copolymer other than the star-block copolymer taught by Milkovich. Accordingly, we hold that the board erred as a matter of law in concluding that Gergen's claimed invention would have been obvious to one of ordinary skill in the art under section 103.