### In re Donald R. LASKOWSKI and Daniel R. Tekulve.

#### No. 88–1349.

United States Court of Appeals, Federal Circuit.

April 3, 1989.

**116**

Roland A. Fuller, III, of Barnes & Thornburg, Indianapolis, Indiana, argued for appellants. With him on the brief were William R. Coffey and Jerry E. Hyland, Indianapolis, Ind.

John C. Martin, Associate Sol., Office of the Sol., Arlington, Va., argued for the Commissioner of Patents and Trademarks. With him on the brief was Fred E. McKelvey, Sol., Washington, D.C.

Before NEWMAN, ARCHER, and MICHEL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, rejecting claims 10 through 13 of Laskowski et al. patent application Serial No. 682,826 entitled "Band Saw Wheel", for failure to meet the requirements of 35 U.S.C. § 103, is reversed.

### Discussion

The Laskowski invention is a novel band saw wherein a pulley-type wheel is loosely fitted with a tire, on which a band saw blade rests. Laskowski states that his band saw has several desirable characteristics: it is readily adjusted, and doesn't require careful fitting of tire or blade, or frequent wheel balancing, or skilled maintenance, or high band strain to provide the requisite driving force, as do various band saws of the prior art. Laskowski explains that the loose tire does not contribute to imbalance in the wheel, and that because of the crowning effect, band saw tensioning is reduced. Claim 10, the broadest claim on appeal, is illustrative and reads:

10. In a band saw having

a band saw blade,

a wheel for supporting the blade, comprising a pulley having two radially extending flanges around the periphery of the pulley defining a groove of generally consistent shape therebetween,

the pulley having an inner circumference around a bottom surface of the groove,

a flexible annular tire having a generally consistent inside shape which mates to the groove of the pulley and having an inner circumference larger than the pulley's inner circumference such that the tire floats when mounted on the pulley,

the tire having an outer circumferential surface configured to receive a band saw blade against a portion thereof which pushes the inside shape of this portion into the groove,

the tire sized to ensure that the portion of its outer circumferential surface which contacts the band saw blade extends radially outwardly of radially outwardly facing edges of the flanges to support the blade against the tire's outer circumferential surface radially outwardly of the radially outwardly facing edges of the flanges.

Dependent claim 13 is limited to crowned tires (as are the allowed claims, not here at issue). Laskowski states that a crowning effect is manifested during operation of the saw, by action of the blade against the tire, and that claim 10 accurately describes the device that achieves that effect.

The Commissioner agrees that the structure defined in claims 10 through 13 is not shown, and its combination of advantages not achieved, in the band saw prior art. The primary reference of Hoffman (United States Patent No. 3,035,780) shows a band saw blade riding on a tightly fitted or bonded tire, wherein both blade and tire are recessed between the grooves of the pulley so that the edges of the pulley guide the blade. Laskowski requires that the blade ride above the pulley grooves, where it is supported by the loosely fitted tire whose surface is also above, and wider than, the pulley grooves. Secondary references de-

scribe a band saw wheel having a rigid metal crowned surface supporting the blade at high tension, and describe other pulley treads in a non-band saw system.

Although the Commissioner suggests that Hoffman could readily be modified to form the Laskowski structure, "[t]he mere fact that the prior art could be so modified would not have made the modification obvious unless the prior art suggested the desirability of the modification." *In re Gordon*, 733 F.2d 900, 902, 221 USPQ 1125, 1127 (Fed.Cir.1984). *See also, e.g., Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1143, 227 USPQ 543, 551 (Fed.Cir. 1985); *In re Grabiak*, 769 F.2d 729, 731, 226 USPQ 870, 872 (Fed.Cir.1985); *In re Sernaker*, 702 F.2d 989, 994, 217 USPQ 1, 5 (Fed.Cir.1983).

The prior art does not suggest Laskowski's modification of the Hoffman band saw wheel, or provide any reason or motivation to make that modification. *In re Regel*, 526 F.2d 1399, 1403 n. 6, 188 USPQ 136, 139 n. 6 (CCPA 1975) ("there must be some logical reason apparent from positive, concrete evidence of record which justifies a combination of primary and secondary references") (*citing In re Stemniski*, 444 F.2d 581, 58 C.C.P.A. 1410, 170 USPQ 343 (1971)). We agree with the Commissioner that the suggestion to modify the Hoffman structure need not be found in Hoffman. In this case, however, the only source of the suggestion is Laskowski; there is no prior art teaching that would provide the motivation of using a loosely fitting tire, rising above the pulley flanges, to support the saw blade. *See In re Geiger*, 815 F.2d 686, 688, 2 USPQ2d 1276, 1278 (Fed.Cir. 1987) (obviousness can not be established by combining pieces of prior art absent some "teaching, suggestion, or incentive supporting the combination"); *In re Cho*, 813 F.2d 378, 382, 1 USPQ2d 1662, 1664 (Fed.Cir.1987) (discussing the Board's holding that "the artisan would have been motivated" to combine the references); *In re Deminski*, 796 F.2d 436, 443, 230 USPQ 313, 316 (Fed.Cir.1986) (impropriety of hindsight reconstruction); *In re Donohue*, 766 F.2d 531, 534, 226 USPQ 619, 622 (Fed. Cir.1985) (referring to the "suggestion or motivation to combine teachings" in rejections for obviousness) (*citing In re Samour*, 571 F.2d 559, 563, 197 USPQ 1, 4–5 (CCPA 1978)); *In re Clinton*, 527 F.2d 1226, 1228, 188 USPQ 365, 367 (CCPA 1976) (holding that "a person of ordinary skill in the art would have had sufficient motivation to combine" the separate steps); *In re Boe*, 505 F.2d 1297, 1299, 184 USPQ 38, 40 (CCPA 1974) (discussing "[t]he main motivation for combining" two prior art references).

We conclude that the prior art does not make obvious the Laskowski invention, and that the requirements of 35 U.S.C. § 103 have been met. The decision of the Board is

REVERSED.