878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jan I. BERGSTROM.
 No. 89-1136.
 United States Court of Appeals, Federal Circuit.
 June 2, 1989.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Jan I. Bergstrom (Bergstrom) appeals the decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board), dated August 30, 1988, rejecting under 35 U.S.C. Sec. 103 claims 13-15 in Bergstrom's application for patent, Serial No. 650,564. We affirm.
 
 OPINION
 
 2
 Bergstrom's claimed invention involves an improvement to a "double extended nip press" commonly used in papermaking machines for removing water from a moving web of paper. Normally, the moving web passes downwardly through the first extended nip, turns 180? around a turning roll, and then runs upwardly through the second extended nip. Bergstrom teaches that, by transferring the web immediately from the second nip and arranging the web to travel downward subsequently, the broke can be reduced and removed more easily.
 
 
 3
 Claims 13-15 were rejected by the examiner under section 103 as unpatentable over United States Patent No. 4,201,624 (Mohr) in view of United States Patent No. 4,113,557 (Kankaanpaa), or UK Patent Application No. 2,028,886 (Holkko), and further in view of United States Patent No. 4,366,025 (Gordon). On appeal, the board reversed the examiner's rejection. However, under the authority of 37 C.F.R. Sec. 1.196(b), the board entered a new rejection of the appealed claims under section 103 as unpatentable over Mohr taken with United States Patent No. 4,075,056 (Ely). On appeal to this court, Bergstrom does not argue the patentability of dependant claims 14 and 15 apart from the patentability of claim 13 from which they depend.
 
 
 4
 In rejecting an applicant's claim under section 103, the PTO has the burden to establish a prima facie case of obviousness. To satisfy this burden, it must show that some objective teaching in the prior art references or knowledge generally available to one of ordinary skill in the art would have led that individual to combine the relevant teachings of the references. See In re Fine, 837 F.2d 1071, 1074, 5 USPQ2d 1596, 1598 (Fed.Cir.1988). Whether the board has made out a prima facie case of obviousness is a question of law which we may freely review. See In re De Blauwe, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984).
 
 
 5
 As recognized by Bergstrom, "the general structure and operation of the individual extended nip presses in the claimed subject matter are substantially the same as taught by Mohr." The principal differences between Bergstrom's claimed invention and Mohr lie both in the direction in which the moving web travels through the two extended nip presses and in Mohr's failure to appreciate the problem of broke removal. Ely suggests the desirability of, and provides the motivation for making, a change in the direction of web movement, thus improving broke removal. See, e.g., In re Laskowski, 871 F.2d 115, 117, 10 USPQ2d 1397, 1398 (Fed.Cir.1989). On this basis, we conclude that the board met its burden.
 
 
 6
 Bergstrom, in his brief, recognizes that "it is well known to those skilled in the art that, if it can be accomplished within a specific press configuration, it is easier to remove broke when the web is running downwardly, as opposed to upwardly." (Emphasis in original.) However, Bergstrom contends, notwithstanding both the suggestion of the prior art to reverse the direction of the moving web in Mohr and the desirability of efficient broke removal, the prior art does not teach "how to" achieve Bergstrom's resulting configuration. Bergstrom contends that knowing a general goal or optimum characteristic of a press section does not, by itself, suggest the structural solution for achieving those goals. Rather, Bergstrom contends, reversing the direction of web travel in Mohr is a conceptual modification obvious only after viewing Bergstrom's application disclosure.
 
 
 7
 We are unpersuaded by these arguments. Bergstrom has cited no objective evidence upon which we can disturb the board's prima facie case. The record does not contain, and Bergstrom has not given us, any reason to conclude that Bergstrom's claimed invention is not an obvious modification of Mohr in view of the teachings of Ely. Ely clearly suggests that Mohr readily could be modified with the principal teaching of Ely. Doing so clearly results in the Bergstrom structure. See In re Piasecki, 745 F.2d 1468, 1471-72, 223 USPQ 785, 788 (Fed.Cir.1984).
 
 
 8
 In addition, Bergstrom argues that the board erred by basing its rejection upon a modification of an extended nip structure, i.e., Mohr, in view of teachings relating to a press section consisting of conventional two-roll nips, i.e., Ely. Bergstrom contends that one skilled in the art would not transfer such teachings from one type of press section to another. Because it is without the support of objective evidence in the record, we must reject Bergstrom's argument.
 
 
 9
 Finally, Bergstrom contends that there is ample evidence in the record supporting the difficulty in press section design of accommodating broke removal. Although the language of Bergstrom's specification supports his argument, difficulty of design by itself is not the touchstone of obviousness. Rather, the test is whether the references, taken as a whole, would have suggested Bergstrom's invention to one of ordinary skill in the art at the time the invention was made. Here, Ely both clearly teaches the existence of the problem with broke removal and suggests a modification to Mohr that would solve the problem, resulting in Bergstrom's claimed device. Moreover, apart from the unsupported statements in Bergstrom's specification, the record before us is devoid of any evidence that design difficulties were recognized in the prior art. See In re Sernaker, 702 F.2d 989, 996, 217 USPQ 1, 7 (Fed.Cir.1983).
 
 
 10
 Having considered Bergstrom's other arguments on appeal and rejecting them as without merit, we affirm.