940 F.2d 678
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Edward L. BELFOURE and Omar M. Boutni.
 No. 91-1116.
 United States Court of Appeals, Federal Circuit.
 July 30, 1991.
 
 Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Edward L. Belfoure and Omar M. Boutni (Belfoure) appeal from the September 24, 1990, decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 90-1753, affirming the rejection of claims 14-16 and 50 (all of the claims remaining in the case) in patent application serial number 07/153,532 as unpatentable under 35 U.S.C. Sec. 103. We reverse.
 
 DISCUSSION
 
 2
 The invention claimed is a multi-component resin mixture with improved impact resistance comprising: (1) a polycarbonate resin [PC] (50-90 wt%); (2) a polyester resin, which is a combination of a polyalkylene terephthalate [PET] and an amorphous copolyester copolymer resin [PETG] (9-40 wt%); and (3) a grafted core shell copolymer [rubber with a cross-linker] (1-10 wt%)[1]
 
 
 3
 The Board held the claimed invention obvious under 35 U.S.C. Sec. 103 over four references: Nakamura, combined with Fromuth, Lee, and Bussink.[2] More specifically, the Board combined Nakamura with Fromuth to show a combination of PC, PET, and rubber with a cross-linker having improved impact resistance. It then combined Bussink with Lee to show that the impact resistance of resins is improved by adding PETG. The Board finally concluded that a person of ordinary skill in the art would have combined Bussink and Lee's PETG disclosure with the PC/PET/rubber with a cross-linker taught by the Nakamura and Fromuth combination.
 
 
 4
 The fallacies in the Board's combinations are apparent on closer inspection. It is well-settled that obviousness cannot be established by combining pieces of prior art absent some "teaching, suggestion, or incentive supporting the combination." In re Geiger, 815 F.2d 686, 688, 2 USPQ2d 1276, 1278 (Fed.Cir.1987).
 
 
 5
 The various cited references do not meet this test. Nakamura and Fromuth cannot be properly combined to reach the Board's conclusion. Although Nakamura describes moldable impact resistant resin compositions comprising PC, PET, and rubber with no cross-linker in amounts that overlap the claimed ranges, it suggests nothing concerning PETG or rubber with a cross-linker. Fromuth describes rubber with a cross-linker, but only at low levels of PC (1-8%). There is no indication or suggestion in either reference that it would be desirable to combine the disclosed high percentages of PC (10-75 wt%) of Nakamura with the rubber with a cross-linker of Fromuth.
 
 
 6
 Lee teaches the addition of PETG to a resin composition comprising PC and PET, but with low levels of PC (1-30 wt%). Bussink discloses levels of PC overlapping with Belfoure's claimed levels, but Bussink's resin comprises only PC and PETG, not PET and rubber with a cross-linker. Neither of these references, individually or combined, suggests the addition of PETG and rubber with a cross-linker to a resin composition with a high level (50-90 wt%) of PC.
 
 
 7
 Where a combination invention can only be arrived at by combining various components described in separate prior art references, there must be some reason for the combination: a teaching, a motivation, an incentive, or a suggestion. In re Laskowski, 871 F.2d 115, 117, 10 USPQ2d 1397, 1398-99 (Fed.Cir.1989). No such reason exists here. Each of the various references cited fails to disclose particular components of the claimed invention. There is no suggestion in the prior art to select the particular component from each of them, while excluding certain others, to arrive at the claimed invention. The Patent and Trademark Office's obviousness position is an exercise in hindsight, which is an impermissible basis for the rejection. See In re Fine, 837 F.2d 1071, 1075, 5 USPQ2d 1596, 1600 (Fed.Cir.1988) ("One cannot use hindsight reconstruction to pick and choose among isolated disclosures in the prior art to deprecate the claimed invention.").
 
 
 8
 Because we reverse on the basis of failure to establish a prima facie case of obviousness, we need not reach the issue of unexpected results.
 
 
 
 [1]
 The following claims are under appeal:
 
 
 [14]
 A resin mixture comprising:
 (A) an aromatic polycarbonate resin and
 (B) an impact modifier combination therefor comprising:
 (i) a polyester resin comprising
 (a) a poly(alkylene terephthalate) resin, and
 (b) an amorphous copolyester copolymer resin, and
 (ii) a grafted core-shell copolymer resin comprising an elastomeric core phase comprising a conjugated diene polymer, said core being polymerized from over 50 weight percent of said diene; optionally a second intermediate phase of a polymerized vinyl aromatic monomer being grafted to said core; and a final shell phase polymerized from a monomer selected from the group consisting of C1-C6 alkyl acrylate, a C1-C6 alkyl methacrylate, acrylic acid, methacrylic acid, and a mixture of any of the foregoing, together with a crosslinking monomer wherein component (A) comprises from about 50 to about 90 parts by weight, component (B)(i) comprises from about 9 to about 40 parts by weight and component (B)(ii) comprises from about 1 to about 10 parts by weight, based upon the weight of (A) and (B).
 
 
 [15]
 A resin mixture as defined in Claim 14, wherein said polyester resin component (B)(i) comprises a mixture of a poly (alkylene terephthalate) resin (B)(i)(a) and (B)(i)(b) an amorphous copolyester copolymer resin comprising a polyester copolymer derived from
 (i) a glycol portion comprising 1-4-cyclo-hexanedimethanol and ethylene glycol, wherein the molar ratio of 1, 4-cyclohexanedimethanol to ethylene glycol is from about 1:4 to 4:1 and (ii) an acid portion comprising an aromatic dicarboxylic acid selected from the group consisting of terephthalic acid, isophthalic acid, and a mixture of the two acids.
 
 
 [16]
 A resin mixture as defined in Claim 14 wherein said polyester resin component (B)(i) comprises a mixture of (B)(i)(a) a poly(ethylene terephthalate) resin and (B)(i)(b) a poly((0.7)ethylene-co-(0.3) 1, 4-cyclo-hexanedimethylene terephthalate) resin
 
 
 [50]
 An article molded from the composition of claim 14
 
 
 [2]
 The table below summarizes the component weight percentages disclosed in the cited references:
 Nakamura Fromuth Bussink Lee
PC 1075 18 6597.5 130
PET 2585 2595 0 5895
PETG 0 0 130 112
rubber with a
crosslinker 0 Balance 0 0
rubber 235 0 0 0
(no crosslinker)
non-grafted
non-core
shell block
copolymer 0 0 0.16 0