**In re VAN GEUNS.**

No. 91–1088.

United States Court of Appeals, Federal Circuit.

March 10, 1993.

See also 946 F.2d 845.

Jack E. Haken, U.S. Philips Corp., Tarrytown, NY, argued, for appellant.

Fred E. McKelvey, Sol., Office of the Sol., Arlington, VA, argued, for appellee. With him on the brief, was Lee E. Barrett, Associate Sol.

Before ARCHER, PLAGER, and RADER, Circuit Judges.

ARCHER, Circuit Judge.

Johannes R. Van Geuns appeals from the September 25, 1990 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) in Interference No. 101,855, involving U.S. Patent No. 4,587,504 issued to Ian J. Brown *et al.* and U.S. Patent Application Serial No. 657,636 filed by Johannes R. Van Geuns. The board held that the claims of Van Geuns' application that had been designated as corresponding to the interference count were unpatentable for obviousness under 35 U.S.C. § 103 (1988). We affirm.

## I.

The interference count is directed to a superconducting magnet. Superconducting magnets produce intense magnetic fields that, *inter alia*, may be used in Nuclear Magnetic Resonance (NMR) and Magnetic Resonance Imaging (MRI) apparatus. The count, however, is not limited to NMR or MRI apparatus.

To provoke the interference, Van Geuns, who became the senior party, copied claims 1–4, 9, and 10 from Brown's patent into his application as claims 42–47. Van Geuns' claim 42 and Brown's claim 1 correspond exactly to the count, *see* 37 C.F.R. § 1.601(f) (1987), which is defined as follows:

A magnet assembly comprising a first superconducting coil assembly defining a working volume and adapted to generate a first magnetic field in said working volume; and a second superconducting coil assembly adapted to generate a second magnetic field, said second superconducting coil assembly being electrically connected in series with said first superconducting coil assembly, wherein said first and second superconducting coil assemblies are each adapted to generate magnetic fields whose corresponding components are of substantially the same order of magnitude, said assemblies being arranged such that a resultant, uniform magnetic field is generated in said working volume, and said second magnetic field opposes said first magnetic field externally of said magnet assembly.

The PTO determined that Van Geuns' claims 22–41 and 43–47 correspond substantially to the count because they define the "same patentable invention." 37 C.F.R. § 1.601(f).

Brown filed preliminary motions in the period provided; Van Geuns did not. *See* 37 C.F.R. §§ 1.633, 1.636. At the time of the examiner-in-chief's (EIC) decision on the preliminary motions, the EIC moved *sua sponte* under 37 C.F.R. §§ 1.610(e) and 1.633(a) for judgment on the ground that the subject matter of the count was unpatentable under 35 U.S.C. § 103. Notice was given to the parties pursuant to 37 C.F.R. § 1.640(d) that judgment would be entered unless they showed cause why such action should not be taken. Both parties responded to the notice, took testimony, filed briefs, and appeared before the board for oral hearing.

The board found the subject matter of the count unpatentable for obviousness under section 103 because of Japanese published application 52–90293 (the Japanese reference) taken alone or in view of German published patent specification 26 46 467 (the German reference). The board

went on to hold that "all of the claims of the parties which correspond [to the count] stand or fall therewith." Thus, Van Geuns' claims 22–47, which had been designated as corresponding to the count, were deemed to be unpatentable for obviousness.

## II.

■ A. As a preliminary matter, we note that the board held that the subject matter of the count in the interference proceeding is unpatentable under 35 U.S.C. § 103. It is axiomatic that the claims define the invention which an applicant believes is patentable. *See Sealed Air Corp. v. United States Int'l Trade Comm'n*, 645 F.2d 976, 985, 209 USPQ 469, 477 (CCPA 1981) (citing *Cimiotti Unhairing Co. v. American Fur Refining Co.*, 198 U.S. 399, 25 S.Ct. 697, 49 L.Ed. 1100 (1905)); 35 U.S.C. § 112 (1988). Although claims of one or more of the parties may be identical to the count of an interference, the count is not a claim to an invention. *Case v. CPC Int'l, Inc.*, 730 F.2d 745, 749, 221 USPQ 196, 200 (Fed.Cir.1984). The count of an interference is merely the vehicle for contesting the priority of invention and determining what evidence is relevant to the issue of priority. *Squires v. Corbett*, 560 F.2d 424, 433, 194 USPQ 513, 519 (CCPA 1977); *see also Case*, 730 F.2d at 749, 221 USPQ at 200.

The PTO rules provide that when the PTO considers patentability in an interference proceeding it will rule on the patentability of a claim. For example, if an EIC raises an issue of patentability during interference, the PTO's rules provide:

> During the pendency of an interference, if the examiner-in-chief becomes aware of a reason why a *claim* corresponding to a count may not be patentable, the examiner-in-chief may notify the parties of the reason and set a time within which each party may present its views. After considering any timely filed views, the examiner-in-chief shall decide how the interference shall proceed.

37 C.F.R. § 1.641 (emphasis supplied); *see also Miller v. Chester*, 13 USPQ2d 1387, 1387 (Bd.Pat.App. & Int.1989) (the board rejected as unpatentable particular claims corresponding to an interference count), *aff'd*, 906 F.2d 1574, 15 USPQ2d 1333 (Fed. Cir.1990). Similarly, when a party to an interference raises an issue of patentability, 37 C.F.R. § 1.633(a) emphasizes that the claims are used to determine patentability. The rule states that a party may file a "motion for judgment on the ground that an opponent's *claim* corresponding to a count is not patentable." 37 C.F.R. § 1.633(a) (emphasis supplied).

Although the board properly should determine patentability with reference to a specific claim or claims, in this case Van Geuns' claim 42 corresponds identically to the count. We therefore view the board's decision as a rejection of that claim.

B. Obviousness under 35 U.S.C. § 103 is a legal conclusion which we review *de novo*, while we review underlying factual findings under the clearly erroneous standard. *In re Woodruff*, 919 F.2d 1575, 1577, 16 USPQ2d 1934, 1935 (Fed.Cir.1990).

■ Van Geuns' claim 42 recites a magnet assembly with a "uniform magnetic field." The board found that the Japanese reference disclosed a magnet assembly with a substantially uniform magnetic field, varying no more than 10 percent. Van Geuns does not disagree with this finding. Instead, Van Geuns argues that the uniform magnetic field limitation of claim 42 must be interpreted in light of the specification and the understanding of persons skilled in the NMR and MRI art. Van Geuns then contends that the Japanese reference does not make the invention of claim 42 obvious because it does not teach the level of magnetic field uniformity required for NMR imaging. The short answer is that claim 42 is not expressly limited to NMR or MRI apparatus. In the patentability context, claims are to be given their broadest reasonable interpretations. *In re Zletz*, 893 F.2d 319, 321, 13 USPQ2d 1320, 1322 (Fed.Cir.1989). Moreover, limitations are not to be read into the claims from the specification. *Id.* Thus, Van Geuns cannot read an NMR limitation into

claim 42 to justify his argument as to the meaning of the "uniform magnetic field."

■ The board did not rest its decision as to the unpatentability of claim 42 entirely on the absence of an NMR limitation in the claim. The board discussed what one of ordinary skill in the NMR art would have ascertained from the Japanese reference. The board found the Japanese reference was analogous prior art which one of ordinary skill in the NMR art would consult. Relying on the expert testimony of Dr. Overweg, one of Brown's expert witnesses, the board also found that one of ordinary skill would have known how to generate coil geometries to produce a magnetic field of any shape (*e.g.*, a uniform field), would have known of the existence of algorithms and computer programs to aid in its design, and would have referred to the prior art to determine optimum current densities. We discern no error in these findings.[1] Therefore, even if the claim were limited to NMR or MRI apparatus, in light of what the Japanese reference teaches one of ordinary skill in the NMR or MRI art, the board did not err in concluding that claim 42 would have been obvious.

■ C. The board also held Van Geuns' remaining claims (claims 22–41 and 43–47) unpatentable because the patentability of all claims designated as corresponding to the count stand or fall therewith. In urging that this holding is proper, the Commissioner cites three prior decisions in which the board has so held. *See Brooks v. Street*, 16 USPQ2d 1374, 1378 (Bd.Pat.App. & Int.1990); *Flehmig v. Giesa*, 13 USPQ2d 1052, 1054 (Bd.Pat.App. & Int.1989); *Kwon v. Perkins*, 6 USPQ2d 1747, 1751 (Bd.Pat. App. & Int.1988), *aff'd on other grounds*, 886 F.2d 325, 12 USPQ2d 1308 (Fed.Cir. 1989); *see also Lamont v. Berguer*, 7 USPQ2d 1580, 1582 (Bd.Pat.App. & Int.

1988). As a general proposition, the position of the Commissioner that claims designated as corresponding to a count stand or fall with the patentability of the subject matter of the count is overbroad. The rules for determining patentability in an interference proceeding and the scope of a party's admission when claims are designated as corresponding to the count must be considered.

When an interference is declared between a patent and an application, the PTO rules require that "[a]ll claims in the application and patent which define the same patentable invention as a count shall be designated to correspond to the count." 37 C.F.R. § 1.606. The PTO rules define what is meant by the same patentable invention with the following example:

> Invention A is the "same patentable invention" as an invention "B" when invention "A" is the same as (35 U.S.C. 102) or is obvious (35 U.S.C. 103) in view of invention "B" *assuming invention "B" is prior art* with respect to invention "A".

37 C.F.R. § 1.601(n) (emphasis added).

The PTO rules permit a party to contest the designation of particular claims as corresponding to a count. *See* 37 C.F.R. §§ 1.633(c)(4), 1.637(c)(4)(ii). If a party does not timely contest the designation of claims, there is in effect a concession that all of the designated claims would be anticipated or made obvious if the count were actually prior art.[2] This follows from the above quoted definition of "same patentable invention." Thus, if the actual prior art reference anticipates the subject matter of the count (*i.e.*, the prior art reference has elements corresponding to each and every limitation in the count), all claims that have been designated as corresponding to that

---

1. We note also that in his final hearing brief to the board, Van Geuns similarly asserted skill in the art as support for enablement of his claims under 35 U.S.C. § 112. Although the enablement issue is not before us, it would be inconsistent to permit Van Geuns to rely on ordinary skill in the art, while precluding the board from relying on evidence of such skill.

2. Van Geuns objects that he could not timely contest the designation of claims 22–41 and 43–47 as corresponding to the count after the patentability issue was raised by the EIC. In view of our holding that the patentability of claims may be argued separately to the board, and our determinations that Van Geuns argued these claims separately to the board and the board found these arguments unpersuasive, we discern no prejudice.

count would be unpatentable for anticipation or obviousness. *See* 37 C.F.R. § 1.601(n).

■ The PTO attempts to take this logic one step further, essentially asserting that claims 22–41 and 43–47, which do not correspond exactly to the count, are unpatentable because the subject matter of the count has been determined to be unpatentable for obviousness. Where the rejection is for obviousness, however, the prior art and the subject matter of the count are not the same (*i.e.*, the prior art reference does not have elements corresponding to each and every limitation in the count). In such case, the claims designated as corresponding substantially to the count are not necessarily the same invention as the prior art (*i.e.*, anticipated or made obvious by that art) even though they are conceded to be the same invention as the count. Thus, we conclude that a party to an interference, who has failed to timely contest the designation of claims corresponding to a count, has not conceded that claims corresponding to a count are anticipated or made obvious by the prior art when the subject matter of the count is determined to be unpatentable for obviousness. The PTO must determine, based on the actual prior art reference or references, whether claims not corresponding exactly to the count are unpatentable.

■ D. When either the EIC or a party raises an issue of patentability, arguments are directed first to the EIC. *See* 37 C.F.R. §§ 1.633(a), 1.636(a), 1.638(a), 1.641. After a decision by the EIC, each party is then entitled to a final hearing by the board on the issue of patentability. *See* 37 C.F.R. §§ 1.654, 1.655(a)(3). The interference rules do not specify whether a party may argue the patentability of claims separately to the EIC and the board. *See* 37 C.F.R. §§ 1.601–1.690. However, the procedures for considering patentability in an interference proceeding essentially parallel the

usual *ex parte* patentability prosecution and appeal procedures. We conclude that a party to an interference proceeding should be permitted to argue separately the patentability of claims designated as corresponding substantially to a count, just as a party would be permitted to do in an *ex parte* prosecution and appeal. Of course, if a party chooses not to argue the claims separately, they would stand or fall together. *Cf.* 37 C.F.R. § 1.192(c)(5) [3]; *In re King*, 801 F.2d 1324, 1325, 231 USPQ 136, 137 (Fed.Cir.1986).

■ In this case, Van Geuns sought to argue his claims that correspond substantially to the count separately from his claim 42 that corresponds identically to the count. Van Geuns stated in his brief for final hearing that "claims 22–41 and 43–47 ... have a scope which is different from that of the count." Van Geuns only distinguished these claims from the claim corresponding identically to the count based on a limitation to NMR or MRI apparatus; he did not further distinguish or argue them separately. As discussed above, the board properly found that even if the claims were limited to NMR or MRI apparatus, they would have been obvious in view of the Japanese reference. The board, therefore, properly determined that claims 22–41 and 43–47 were unpatentable.

For the foregoing reasons, the decision of the board is

AFFIRMED.

---

3. 37 C.F.R. § 1.192(c)(5) reads:
  (5) *Grouping of claims.* For each ground of rejection which appellant contests and which applies to more than one claim, it will be presumed that the rejected claims stand or fall together unless a statement is included

that the rejected claims do not stand or fall together, and in the appropriate part or parts of the argument under subparagraph (c)(6) of this section appellant presents reasons as to why appellant considers the rejected claims to be separately patentable.