31 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Stan L. FLOYD, Herbert D. Muise and Mark A. Stanish.
 No. 94-1071.
 United States Court of Appeals, Federal Circuit.
 July 20, 1994.
 
 Before NIES, NEWMAN, and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Weyerhaeuser Company, assignee of United States Serial No. 07/577,990 (the '990 application), appeals the decision of the Board of Patent Appeals and Interferences (Board) affirming the examiner's rejection of all claims. The Board found that claims 1, 2, and 4-41 would have been obvious to one of ordinary skill under 35 U.S.C. Sec. 103 (1988). This court affirms the Board's rejections of claims 1, 2, 4-18, 21-24, 26, 28-35, and 38. This court vacates the Board's rejection of claims 19, 20, 25, 27, 36, 37, and 39-41 and remands for further proceedings.
 
 OPINION
 
 2
 On September 5, 1990, Stan Floyd, Herbert Muise, and Mark Stanish (applicants) filed the '990 application, entitled "Method of Packaging Perishable Food or Horticultural Products." The claimed invention specifies placement of perishable food or horticultural products in a modified atmosphere container and cooling the container (or an adjacent cooling element) by evaporation to cool the contents. The claimed atmosphere container restricts gas exchange between the exterior and interior of the container. This form of packaging has long been used to retard four major causes of deteriorating quality in stored foods: dehydration, respiration, microbial spoilage, and enzymatic degradation.
 
 
 3
 In addition to packaging, cooling also preserves freshness of perishable goods. Enclosing such goods in a modified atmosphere container, however, makes cooling difficult. The claimed invention combines modified atmosphere packaging with a process for cooling the container. Thus, the invention benefits from both types of food preservation. The claimed invention accomplishes this objective by placing perishable products within a modified atmosphere container, wetting the exterior of the container, and evaporating that liquid to cool the container and the goods inside. Alternatively, an evaporatively cooled cooling element is placed adjacent to the container.
 
 
 4
 Claim 1 is representative of the claims on appeal:
 
 
 5
 A method of packaging perishable food or horticultural products comprising;
 
 
 6
 enclosing the product in a container which controls the flow of gas between the exterior and interior of the container so as to provide a modified gas atmosphere within the container; and
 
 
 7
 evaporatively cooling the container by wetting the exterior of the container with liquid and evaporating the liquid from the exterior of the container.
 
 
 8
 The applicants also claim further cooling by condensing water on the cooled interior surface of the container. Other claims subject the container to a vacuum to facilitate evaporative cooling or charge the modified atmosphere with a gas which may include a fumigant or enzyme blocker.
 
 
 9
 In finding claims 1, 2, and 4-41 obvious, the Board stated that the applicants' "own specification sets forth acknowledgements that each of the food preservation techniques recited in all of the claims on appeal was individually known for that purpose in the prior art." The Board reasoned that the combination of known processes for their known functions rendered the claimed invention prima facie obvious. The Board further noted that it
 
 
 10
 would have affirmed the examiner's rejection based strictly on appellants' acknowledgements as to the state of the art. McGill and the other references relied on serve merely as confirmatory evidence that the specific techniques recited in the appealed claims were already known.
 
 
 11
 Because the applicants did not rebut the prima facie case of obviousness, the Board held all claims on appeal obvious.
 
 
 12
 Obviousness under 35 U.S.C. Sec. 103 is a legal determination which this court reviews de novo. In re Van Geuns 988 F.2d 1181, 1184, 26 USPQ2d 1057, 1059 (Fed.Cir.1993). A conclusion of obviousness rests on the following factual findings: (1) the scope and content of the prior art; (2) the differences between the prior art and the claimed invention; (3) the level of ordinary skill in the art at the time of the invention; and, when relevant, (4) objective indicia of nonobviousness. Miles Lab., Inc. v. Shandon Inc., 997 F.2d 870, 877, 27 USPQ2d 1123, 1128 (Fed.Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 943 (1994). This court reviews these factual findings for clear error. In re Van Geuns, 988 F.2d at 1184. Under this standard of review, this court only overturns a factual finding if left with the definite and firm conviction that a mistake has been made. In re Caveney, 761 F.2d 671, 674, 226 USPQ 1, 3 (Fed.Cir.1985).
 
 
 13
 The Board noted that applicants merely combined known processes for their known functions. Whether each element of a claimed combination is known in the prior art, however, is not dispositive of patentability. Rosemount, Inc. v. Beckman Instruments, Inc., 727 F.2d 1540, 1546, 221 USPQ 1, 7 (Fed.Cir.1984). Obviousness under 35 U.S.C. Sec. 103 turns on whether the prior art, including the knowledge available to one of ordinary skill in the art, provides some suggestion or motivation to combine the known elements. See Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1556, 225 USPQ 26, 31 (Fed.Cir.1985).
 
 
 14
 The suggestion or motivation to combine references need not be explicit. Indeed, the knowledge pertaining to the art, including an understanding of the principles and application of the prior art elements of the claimed invention, may lead an artisan of ordinary skill to combine the relevant teachings. Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 297 n. 24, 227 USPQ 657, 667 n. 24 (Fed.Cir.1985), cert. denied, 475 U.S. 1017 (1986). The motivation to combine can arise from the knowledge that the prior art elements will perform their expected functions to achieve their expected results when combined for their common known purpose. See Miles Lab., 997 F.2d at 878.
 
 
 15
 The Board rejected claims 1, 2, and 4-41 as obvious under 35 U.S.C. Sec. 103. The Board based its rejection on the applicant's own admissions regarding the prior art as well as U.S. Patent Nos. 3,453,119 (McGill), 3,111,412 (Mouk), and 4,163,070 (Williams). U.S. Patent No. 2,684,907 (Brunsing) was also cited against claims 4-8.
 
 
 16
 The '990 patent specification acknowledges that the prior art clearly teaches modified atmosphere packaging of fresh produce. Similarly, the specification acknowledges that the prior art includes evaporative cooling, including cooling the contents of a wetted container by evaporation of water from the container's exterior surface. Thus, both methods of food preservation recited in claim 1 are well-known in the prior art. See Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1570, 7 USPQ2d 1057, 1063 (Fed.Cir.), cert. denied, 488 U.S. 892 (1988) ("A statement in a patent that something is in the prior art is binding on the applicant and patentee for determinations of anticipation and obviousness."). Furthermore, the prior art cited by the Board teaches both modified atmosphere packaging and evaporative cooling.
 
 
 17
 This court, viewing the totality of the evidence, see In re Oetiker, 977 F.2d 1443, 1445, 24 USPQ2d 1443, 1444 (Fed.Cir.1992), discerns no error in the Board's conclusion that claims 1, 2, 4-18, 21-24, 26, 28-35, and 38 would have been obvious to one of ordinary skill in the art. The Board did not err in finding that the cited references and applicants' admissions disclose or suggest each limitation of the above claims. Indeed, the Board correctly found that one of ordinary skill would have been motivated to combine the teachings and suggestions of the prior art for the applicants' purpose. This court therefore affirms the Board's decision regarding claims 1, 2, 4-18, 21-24, 26, 28-35, and 38.
 
 
 18
 The Board erred, however, in finding that claims 19, 20, 25, 27, 36, 37, and 39-41 would have been obvious at the time of invention. Viewing each claim individually, these claims contain limitations not found in the cited prior art. This court's predecessor has stated:
 
 
 19
 A rejection based on section 103 clearly must rest on a factual basis, and these facts must be interpreted without hindsight reconstruction of the invention from the prior art. In making this evaluation, all facts must be considered. The Patent Office has the initial duty of supplying the factual basis for its rejection. It may not, because it may doubt that the invention is patentable, resort to speculation, unfounded assumptions or hindsight reconstruction to supply deficiencies in its factual basis.
 
 
 20
 In re Warner, 379 F.2d 1011, 1017, 154 USPQ 173, 178 (CCPA 1967), cert. denied, 389 U.S. 1057 (1968).
 
 
 21
 The Board did not provide "any evidence, other than the PTO's speculation," In re Jones, 958 F.2d 347, 351, 21 USPQ2d 1941, 1944 (Fed.Cir.1992), that the above claims would have been obvious to one of ordinary skill. See In re Laskowski, 871 F.2d 115, 117, 10 USPQ2d 1397, 1398-99 (Fed.Cir.1989); In re de Jong, 416 F.2d 1401, 1404, 163 USPQ 479, 482 (CCPA 1969).
 
 
 22
 Claims 19 and 20 require "substantially surrounding the container with the cooling element, the container being of a flexible material, and whereby the applying a vacuum step comprises the step of expanding the container into contact with the cooling element." Claim 27 contains a similar requirement. None of the cited prior art references, including the applicants' acknowledgements as to scope and content of the prior art, teach or suggest expanding a flexible container upon application of a vacuum to directly contact the cooling element. See Laskowski, 871 F.2d at 117. The examiner merely noted that expansion of the container is a natural consequence of applying a vacuum. This statement, however, does not show that one of ordinary skill in the art would consider claims 19, 20, and 27 obvious. See Warner, 379 F.2d at 1017.
 
 
 23
 Claim 25 requires "saturating the cooling element with at least about forty-five to about sixty-five grams of water for each kilogram of product within the container." Again, the Board and the examiner did not cite any reference suggesting this particular limitation. The applicants point out in the specification that this particular limitation ensures a drop in product temperature from 80?F to 35?F. The applicants do not admit that this requirement was in the prior art. Indeed, the cited prior art does not disclose this requirement. The prior art of record does not provide any teaching, suggestion, or motivation to use this particular amount of water per kilogram of product in connection with the claimed method of packaging and cooling. See In re Geiger, 815 F.2d 686, 688, 2 USPQ2d 1276, 1278 (Fed.Cir.1987). Again, the Board did not support its legal conclusion of obviousness with sufficient factual findings.
 
 
 24
 Claims 36, 37, 39, and 41 all require placing the horticultural products in a film of ethylene vinyl alcohol. Although the prior art discloses other wrapping and container materials, ethylene vinyl alcohol is not specified. The Board did not show that the use of the prior art container materials renders obvious the selection of ethylene vinyl alcohol. The Board clearly erred in finding that the prior art teaches or suggests use of ethylene vinyl alcohol packaging.
 
 
 25
 Finally, claims 37 and 40 call for a window in the container so as to permit gas transfer across the window. Again, no prior art of record discloses or suggests this limitation. The Board erred in finding otherwise.
 
 
 26
 This court affirms the Board's decision with respect to claims 1, 2, 4-18, 21-24, 26, 28-35, and 38 and vacates the Board's decision with respect to claims 19, 20, 25, 27, 36, 37, and 39-41. This case is remanded for a further determination of the patentability of these latter claims in accordance with this decision.